[No. 8,841. Department Two.—March 17, 1885.]

## MARY C. BENNETT, APPELLANT, v. JOHN TRUEBODY, RESPONDENT.

EMPLOYER AND EMPLOYEE — INDEPENDENT CONTRACTOR — NEGLIGENCE. — Where a person employed is in the exercise of an independent and distinct employment, and not under the immediate control or supervision of the employer, the latter is not responsible for the negligence or misdoings of the former.

ID.—The owner of a building employed a plumber to repair the water pipes therein, and left him to proceed in his own way to accomplish such result. The servants of the plumber, while engaged in making the repairs, negligently left open a trap door, through which the plaintiff fell and was injured. Held, that the plumber was an independent contractor, and that the owner was not liable for the negligence of his employees.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Action to recover damages for personal injuries alleged to have been caused through the negligence of the defendant. The further facts are sufficiently stated in the opinion of the court.

*Crittenden Thornton,* and *F. H. Merzbach,* for Appellant.

The right of control by the employer, and not the fact of control by the employee, determines whether or not the employee is an independent contractor. The simple hiring of a mechanic to make repairs, does not constitute him an independent contractor. (*Blake* v. *Ferris,* 5 N. Y. 48; *Pach* v. *Mayor,* 8 N. Y. 222; *Hilliard* v. *Richardson,* 3 Gray, 350; *Stone* v. *Codman,* 15 Pick. 297; *Conners* v. *Hennessey,* 112

Mass. 98; *Forsyth* v. *Hooper*, 11 Allen, 419; *Linton* v. *Smith*, 8 Gray, 147 ; *Brackett* v. *Lubke*, 4 Allen, 139 ; *City of Tiffin* v. *McCormack*, 34 Ohio St. 638.)

*Stanly, Stoney & Hayes*, and *Jarboe & Harrison*, for Respondent.

The original employer is not liable for the negligent act of the servant of the employee, when the latter is pursuing an independent employment. (*McCarthy* v. *Second Parish*, 71 Me. 318.) Whenever a person employs another, who is in the pursuit of an independent calling, to do any piece of work, and such employee assumes the control of the work, doing it by his own men and with his own materials, and without any interference or direction by the employer, no matter how great or trivial is the work, the employee and not the employer is liable for injuries resulting from the manner of doing the work. Nor is the right of control by the employer, as contradistinguished from the fact of control, the criterion of responsibility. (*Kelly* v. *Mayor*, 1 Kern. 436 ; *Boswell* v. *Laird*, 8 Cal. 493; *Eaton* v. *R. R. Co.*, 59 Me. 533 ; *Hunt* v. *R. R. Co.*, 51 Pa. St. 475 ; Wharton on Neg., 2d ed., § 181.) Whether the wrong doer is the servant of one person or another is a question of fact, to be determined from the other facts in the case, and not from the amount of work to be done, or the mode of payment or of performance. (*Kimball* v. *Cushman*, 103 Mass. 194; *Wood* v. *Cobb*, 13 Allen, 58 ; *Corbin* v. *American Mills*, 27 Conn. 278; *Harrison* v. *Collins*, 86 Pa. St. 153 ; *Milligan* v. *Wedge*, 12 Ad. & E. 737 ; *Quarman* v. *Burnett*, 6 M. & W. 499 ; *De Forrest* v. *Wright*, 2 Mich. 370 ; *McMullin* v. *Hoyt*, 2 Daly, 271.)

SHARPSTEIN, J.—In *Milligan* v. *Wedge*, 12 Adol. & E. 737, the distinction between the liability of the master of a mere servant and that of one who contracts with another, who is carrying on an open, distinct, and independent calling or employment, for the production of results, is clearly defined. In that case a butcher, who was the owner of a bullock, employed a drover to drive the animal from one specified place to another. Instead of driving it, the drover employed a boy to drive it. Through his carelessness in driving it a person was injured, and he brought

an action against the owner of the animal, to recover damages for the injury occasioned by the careless driving of the boy. The court held that the owner was not liable. Denman, C. J., said: " Here it does not appear that the defendant attended the drover or his servant ; and the mischief was done in the course, not of the butcher's business, but of the drover's."

Coleridge, J., said: " I make no distinction between the licensed drover and the boy ; suppose the drover to have committed the injury himself. The thing done is the driving. The owner makes a contract with the drover that he shall drive the beast, and leaves it under his charge ; and then the drover does the act. The relation of master and servant, therefore, does not exist between them."

Williams, J., said: " When the person who does the injury exercises an independent employment, the party employing him is clearly not liable."

The distinction laid down in that case has since been generally recognized by the courts of this country, as the following cases show : *DeForrest* v. *Wright*, 2 Mich. 370 ; *Wood* v. *Cobb*, 13 Allen, 58 ; *Kellogg* v. *Payne*, 21 Iowa, 575 ; *King* v. *New York Cent. & H. R. R. Co.*, 66 N. Y. 186 ; *McCarthy* v. *Second Parish of Portland*, 71 Me. 318 ; *Harrison* v. *Collins*, 86 Pa. St. 156 ; *Linton* v. *Smith*, 8 Gray, 147. As formulated in *DeForrest* v. *Wright*, supra, the rule is " that where the person employed is in the exercise of an independent and distinct employment, and not under the immediate control or supervision of the employer, the latter is not responsible for the negligence or misdoings of the former." Here the person employed to repair the water-pipe exercised an independent and distinct employment. He was an employer of men, to work under his direction and control. He directed two of those men to go and repair the pipe. They went, and while on the premises opened a trap-door which they neglected to guard, and the plaintiff fell through it, and was severely injured. The defendant was the owner of the premises, which, at the time, were occupied by a tenant for a restaurant.

The transaction out of which it is claimed the defendant's liability arises is, that he requested the plumber to repair the water-pipe, and left him to proceed in his own way to accomplish

that result. It is urged that the plumber was not an independent contractor, and was subject to the control of the defendant. It nowhere appears that it was contemplated the defendant should superintend the work, or that he possessed the requisite skill to do it; nor does it appear that he knew whether the plumber would do the work himself, or send his servants, as he in fact did, to do it. The plumber was left to produce the desired result in his own way. If that did not constitute him an independent contractor, we do not know what would. There was no stipulation as to the amount to be paid for the work; but that is an immaterial circumstance in this case.

Unless we have mistaken the rule applicable to this case, it is quite clear that the court did not err in giving the instructions which it gave, or in refusing to give those which it refused to give.

Judgment and order affirmed.

MYRICK, J., and McKINSTRY, J., concurred.