[S. F. No. 851.    Department One.—November 22, 1898.]

A. FRASSI, Respondent, v. THOMAS McDONALD, Appellant.

PRACTICE—RUNNING OF TIME—EXPIRATION ON SUNDAY—POWER OF COURT TO EXTEND.—Where the time in which to serve a bill of exceptions, as extended by order of the court, expires on Sunday, the moving party has the following Monday, under section 12 of the Code of Civil Procedure, in which to make the service; and notwithstanding previous orders have been made extending the time for service for twenty days, the court has power on such Monday to grant a further extension of ten days.

NEGLIGENCE—BUILDING CONTRACT—INDEPENDENT CONTRACTORS—OPENING IN SIDEWALK—LIABILITY OF OWNER.—Provisions in contracts for the erection of a building, that the work should be done under the direction and to the satisfaction of the architect; and that the owner should have the right at any time during the progress of the building to make any alterations, deviations, additions, or omissions from the contract, the cost of which should be added to or deducted from the amount of the contract price, at a fair valuation to be made by the architect, do not have the effect to make the contractors the servants of the owner. Under such a contract, the persons doing the work are independent contractors, and the owner is not liable for the negligence of one of them, during the progress of the work, in leaving an opening in a temporary sidewalk in front of the building, and over an excavation thereunder, even if it be conceded that the architect, as the agent of the owner, must have known that the contractor, in order to do his work under the sidewalk, would have been compelled to make the opening.

ID.—KNOWLEDGE OF UNSAFE CONDITION.—The owner of property fronting on a street is not an absolute guarantor that no opening may be found in the abutting sidewalk, and before liability can attach to him for an unsafe condition caused by the negligent acts of a third person not in his employ, he must have known of its defective condition, or as a careful, prudent man should have known of it. The mere existence of an unsafe condition for from ten to twenty minutes is not sufficient to charge him with knowledge of its unsafety.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial.    A. A. Sanderson, Judge.

The facts are stated in the opinion of the court.

Reddy, Campbell & Metson, for Appellant.

Edward Mills Adams, for Respondent.

GAROUTTE, J.—This is an action for personal injuries sustained by the plaintiff by reason of his falling through a sidewalk in front of a certain lot in the city of San Francisco, belonging to defendant, which sidewalk is alleged to have been in a dangerous condition by reason of defendant's negligence. The sidewalk was a temporary affair in use during the progress of the erection of a building for defendant upon the lot of land fronting thereon. At the time of the accident the building was in process of erection by three contractors, one contractor for the plumbing, one for the excavating, brick, concrete, and iron work, and the third for the carpenter work, plastering, et cetera. There appears to be no material difference in the testimony of the various witnesses as to the occasion of the defect in the sidewalk. It was caused in the following manner: The excavating contractor had built a temporary sidewalk in front of the building and made excavations thereunder. This sidewalk was securely fastened and properly constructed in all ways. Subsequently, the plumbing contractor, at the request of the plumbing inspector of the city, and for the purpose of examining the fitness of the work under the sidewalk, took up two boards thereof. Within fifteen or twenty minutes thereafter this plaintiff, while passing by, fell through the opening thus made and received serious injury.

Plaintiff first insists that the bill of exceptions found in the record was not served in time. The time to serve this bill expired upon June 7th, unless an order made by the judge upon June 8th extended it an additional ten days. That is, the time expired upon June 7th, unless the fact that the 7th being Sunday gave appellant an additional day upon which to serve the bill. And that the law did give the appellant an additional day upon which to serve the bill there can be no question. If a bill served upon the 8th had been in time (and that must be conceded under section 12 of the Code of Civil Procedure), then the court had the power upon that day to extend the time. The court

had previously made two orders of ten days each extending the time to serve the bill. Under the statute it had power to extend the time thirty days in all. June 8th was within the life of the second order, and necessarily the court had the power to make a third order extending the time ten days. Whatever time the law gave by reason of the fact that one of these orders expired upon a Sunday does not *pro tanto* exhaust the power of the court. If the thirty days' time had been given in one order and had expired upon a Sunday, the appellant would have had an additional day by favor of the statute. The fact that the time fixed by an intermediate order fell upon a Sunday does not alter the case. The court made three orders of ten days each extending the time. By any process of mathematical calculation this can only be reckoned as an extension of thirty days' time in all. The proposition here discussed has been directly passed upon in *Muir v. Galloway*, 61 Cal. 498, and we are satisfied with the construction of the statute as there declared, notwithstanding some doubt has been cast upon this decision in the later case of *Reay v. Butler*, 99 Cal. 477. Even if the soundness of this construction of the statute be doubtful, it would not be advisable to change the rule at this late day. There certainly are no pressing reasons which demand it.

It is insisted by respondent that these contractors were servants of the owner and not independent contractors, and therefore their negligence was his negligence, and consequently rendered him liable for the injuries received. This contention presents an important question in the case, for if these contractors were independent contractors, they were not the servants of the owner, and he could not be held liable for their negligence. The contracts entered into by the owner with these men provided that the work should be done "under the direction and to the entire satisfaction of the architects"; that the owner should have the right at any time during the progress of said building "to make any alterations, deviations, additions, or omissions from the said contract," and the cost of the same should be added to or deducted from the amount of said contract price, as the case may be, by a fair valuation by the architect. Upon these provisions respondent rests his contention that the parties erecting this building were not independent contractors, but servants of

the owner.   The provisions found in this contract are the ordi-
nary and usual provisions placed in building contracts, and if
the men doing this work were not independent contractors it
is difficult to find such.   Many cases from foreign jurisdictions
are cited by respondent to support his contention upon this
branch of the case.   *Donovan v. Oakland etc. Co.,* 102 Cal. 245,
is also relied upon, but that case is not in point.   It was there
said: "Since the negligence which caused the injury was that
of failing to guard the hole after it was finished by the contract-
ors, it must be imputed to the defendant," and the conclusion
deduced in that case rested upon that proposition.   We will not
review the cases cited from other states, for in this state the
question has been carefully considered in the recent case of
*Callan v. Bull,* 113 Cal. 593, and a conclusion arrived at by this
court contrary to the position taken by respondent.   The case
even was broader in its facts than this case, and it was held that
the relation of master and servant did not exist.   We are en-
tirely satisfied with the conclusion there declared.

It is next contended that the opening in the sidewalk was a
nuisance *per se,* and defendant, having caused it, was liable for
the injury resulting.   A sufficient answer to this contention is
found in the fact that defendant did not cause or create the
opening, but, upon the contrary, it was made by the independent
contractor.   There is nothing in the record to indicate that the
opening in the sidewalk was made with the consent of the own-
er, or even with his knowledge.   Even if it be conceded that the
architect, as the agent of the defendant, must have known that
the plumber, in order to do his work beneath the sidewalk,
would be compelled to make an opening therein for the purpose
of egress and ingress, still these facts do not bring the case with-
in the principles of law laid down in *Colgrove v. Smith,* 102 Cal.
220.   The law as there declared is not applicable, for here the
making of the opening in the sidewalk was purely collateral to
the subject matter of the contract.   This case would be no dif-
ferent in principle if this opening had been a trapdoor in the
sidewalk, and had been negligently left open by the plumber in
going to or from his work.

The trial court refused to give the jury the following in-
struction: "While it is the duty of the defendant to keep the

sidewalk in front of his premises in a safe condition for pedestrians to travel upon, if such sidewalk is rendered unsafe by the negligent acts of a third peson not in his employ, the defendant is not responsible therefor, unless he had knowledge of such unsafe and insecure condition of said sidewalk, or said unsafe and insecure condition had existed for a sufficient length of time for the defendant to have obtained knowledge thereof by the exercise of due care."

It is suggested that this instruction was refused upon the authority of *Spence v. Schultz*, 103 Cal. 208; but that case does not justify its refusal. The facts differ widely from the facts of this case. If there had been no sidewalk in this case, and plaintiff had fallen into the excavation made by the excavating contractor, then the two cases would probably have stood upon common ground. But here, as already suggested, the excavation was not the direct and proximate cause of the injury. The owner of property fronting on the street is not an absolute guarantor that no opening may be found in his sidewalk. The law does not demand that he shall guard his sidewalk at night lest some evildoer shall make an opening therein to the great danger of the belated traveler. Before liability attaches to the owner in such a case he must have known of its defective condition, or, as a careful, prudent man, should have known it. In the present case, the defendant did not know of the opening in the sidewalk; the evidence also discloses that it had been made but ten or twenty minutes when the accident occurred. In this state of the evidence such instruction was entirely proper to be given to the jury.

The trial court instructed the jury as follows: "If the plaintiff has substantially shown you, so that your minds and consciences are clear on that point, that there was no contributory negligence on his part, then Mr. Frassi should recover damages in this case, because, as I shall presently instruct you, it is the law in this state and in this city, both by ordinance and by decision, that a man who owns property is responsible for a dangerous condition of the sidewalk—a temporary sidewalk at least—as was the fact in this case."

In view of what has already been said, it is apparent that this instruction should not have been given.

In conclusion, we would say that the court very properly submitted the question of contributory negligence to the jury.

For the foregoing reasons the judgment and order are reversed and the cause remanded.

Harrison, J., and Van Fleet, J., concurred.

Hearing in Bank denied.