[S. F. No. 2326. Department One.—December 18, 1902.]

MARY LOUTHAN et ux., Respondents, v. DAVID HEWES, Appellant.

NEGLIGENCE—INDEPENDENT CONTRACTOR—OWNER NOT LIABLE.—The doctrine of *respondeat superior* has no application to the owner of a house, though in possession thereof, where the injury complained of was caused by the negligence of an independent contractor for the construction of a stairway, who was not a servant of the owner, and who had control of the stairway and of work therein under the contract at the time of the injury,—it not appearing that the work contracted for was a nuisance, or was performed in such a way, with the knowledge of the owner, as to become such.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Fitzgerald & Abbott, and Campbell, Fitzgerald, Abbott & Fowler, for Appellant.

M. Cooney, for Respondents.

THE COURT.—This is an appeal from a judgment, entered on the verdict of a jury, against the defendant, Hewes, for the sum of four thousand dollars, and from an order denying his motion for a new trial. The suit was for injuries caused by the alleged negligence of the defendant. The

principal question in the case is as to the ruling of the court in refusing to give certain instructions asked by the defendant.

The plaintiff's injuries were occasioned by falling on the stairway, leading from the first to the second story of Hewes's house, at the east corner of Market and Sixth streets,—the building being of two stories, and the upper story containing, besides offices, a hall occupied, as tenant of Hewes, by a society called the "First Progressive Spiritual Church." The accident occurred on the evening of February 21, 1897. The plaintiff had been attending services at the hall alluded to, and in descending the stairway stumbled and fell between the second floor and the landing intermediate between it and the ground floor, receiving the injuries complained of. At the time of the accident the stairway, which was in process of construction, had been completed, except as to painting and other details, and was covered for protection until painted by oil paper held down by boards (or "cleats") nailed down over it. As to the cause of the accident, it is alleged in the complaint that Hewes had employed the defendant Patterson to make certain alterations and repairs on the building and stairway, and that in the course of his employment Patterson had placed "at or near the center of each step of said stairway certain cleats of wood," etc., which were so negligently and carelessly placed and nailed on the stairway by Patterson as to make the use of it unsafe and dangerous; and that the injury to the plaintiff thereby occurred. The answers of the defendants, besides denying the material allegations of the complaint, allege, in effect, that at the time of the accident the stairway was in the process of being rebuilt by one Buller, a professional stairbuilder, under a contract made with him by Patterson as Hewes's agent, under which he had been given full control and possession of the stairway for that purpose; and that "at the time of the accident, said stairs were being by the said . . .[Buller] rebuilt in a skillful and careful manner," etc. These allegations were supported by uncontradicted evidence given on behalf of the defendants tending to prove that the work was being done, at the time of the accident, by Buller and his servants, not as the agent of either of the defendants, but as an independent contractor.

On this state of the pleadings and evidence, the court was asked by the defendant to give to the jury several instructions variously worded, but to the general effect that they should find for the defendant, if they believed from the evidence that the work of building the staircase was at the time of the accident being done by Buller under a contract with Hewes, by the terms of which "he was to have full charge and control of the construction of the stairs, and in the employment of labor and assistants"; or, as otherwise expressed, that if the jury believed from the evidence that Hewes had personally nothing to do with nailing the cleats on the stairs, they could not find a verdict against him, unless they should further find "that the person who nailed the cleats on the stairs was the servant of Mr. Hewes, and not an independent contractor."

These instructions, or instructions substantially to the same effect, should, we think, have been given. Buller, according to the evidence of defendant, was what is called an "independent contractor,"—that is to say, he was not "under the control and direction" of Hewes, but was "in the pursuit of an independent calling." He was therefore—assuming the truth of the evidence referred to—not a servant of Hewes, and the doctrine of *respondeat superior* has no application. (Civ. Code, sec. 2009; *Hedge* v. *Williams,* 131 Cal. 456 et seq;[1] *Mann* v. *O'Sullivan,* 126 Cal. 66;[2] *Frassi* v. *McDonald,* 122 Cal. 402; *Bennett* v. *Truebody,* 66 Cal. 509;[3] *Boswell* v. *Laird,* 8 Cal. 469.[4])

We are not sure that we understand the position of the respondent on this point, but, so far as we can make it out, it may be summed up in the three propositions, following: 1. Generally, it is claimed, the evidence does not bring the case under the rule; 2. The defendant "never parted with the possession of the stairs, and never ceased using them"; and 3. Though Buller was not the servant of Hewes, it was the duty of the latter to see that the cleats were properly placed, or otherwise to remove them.

As to the first point, as we have said, there was evidence tending to prove the allegations of the answer. Hewes, Patterson, and Buller all testify that the contract for the work

[1] 82 Am. St. Rep. 366.              [3] 56 Am. Rep. 117.
[2] 77 Am. St. Rep. 149.              [4] 68 Am. Dec. 345.

was let to Buller for the amount bid by him, and was performed by him under the contract. Buller testifies that no directions were given to him during the progress of the work on the stairs as to how they were to be built or as to the manner of building them; and Patterson and Hewes testified to the same effect. The latter, indeed, says (in answer to further questions) that he might have made some suggestions to Patterson, or Patterson to him, and that some changes may have been made. But this does not imply that any changes were in fact made during the work; nor, under the authorities cited, would it be material if it did. Finally, the work was still in progress when the accident happened, and was not turned over to Hewes until the following month. It is therefore a very moderate claim on the part of the appellant, that there was evidence sufficient to entitle him to the instructions asked.

As to the second point, it is immaterial that Hewes retained the possession of the building and the use of the stairway after it was in a condition to be used. The essential element of the definition of an "independent contractor" is, that he has control of the work under the contract, and this may be the case, though working on premises still in possession of the owner, as was the case in *Bennett* v. *Truebody,* 66 Cal. 509.[1]

The third contention of the respondent is also untenable. The principle invoked by it applies only to cases where the work as contracted for is a nuisance, or where it is performed in such a way, with the knowledge of the owner, as to become such. For the owner of property cannot contract for maintaining, or knowingly maintain, a nuisance on his premises. (*Jessen* v. *Sweigert,* 66 Cal. 182; *Barry* v. *Terkildsen,* 72 Cal. 254;[2] *Colgrove* v. *Smith,* 102 Cal. 220; *Spence* v. *Schultz,* 103 Cal. 208; *McGraw* v. *Friend etc. Lumber Co.,* 120 Cal. 574.) Here, if there was any defect in the manner in which the stairway was arranged (which is at least doubtful), it is sufficient to say it was not the act of Hewes, nor was it of a character to affect him with notice. (*Frassi* v. *McDonald,* 122 Cal. 403.)

For the reasons given, the judgment and order appealed from must be reversed and it is so ordered.

[1] 56 Am. Rep. 117.    [2] 1 Am. St. Rep. 55.