A. W. HOFF v. ADELAIDE S. SHOCKLEY, Appellant.

**Negligence:** LIABILITY OF OWNER FOR ACT OF INDEPENDENT CONTRACTOR. The owner of property is not liable for the negligence of an independent contractor employed to build a house, in failing to barricade and place warning lights on a pile of sand deposited by him in the street in front of the premises, from which an injury results to one driving along the street, although so deposited with the approval of the owner's agent.

**Appeal:** NOTICE. Failure to perfect an appeal for the term specified in the notice does not render the notice inoperative or constitute ground for dismissal.

*Appeal from Polk District Court.*—HON. CHARLES A. BISHOP, Judge.

THURSDAY, FEBRUARY 11, 1904.

ACTION to recover damages on account of personal injuries to plaintiff's wife, resulting from being thrown from a buggy on account of a pile of sand in the street in front of

the premises of the defendant, Mrs. Shockley. Verdict and judgment for plaintiff. Defendant appeals.—*Reversed.*

*James A. Merritt* and *J. K. Macomber* for appellant.

*Carr, Hewitt, Parker & Wright* for appellee.

McCLAIN, J.—The defendant, Mrs. Shockley, procured a building permit from the proper city authorities for the erection of a dwelling house on her lot abutting upon a paved street, and then made a written contract with one Wynburn to construct such house; the contractor to furnish all the labor and material, except brick, which was to be furnished by defendant. In the course of the work, Wynburn caused sand to be hauled and piled up in the street in front of defendant's lot; the place for depositing it being selected with the approval of defendant's husband. This pile of sand being left unguarded and unmarked by danger signals of any kind, the plaintiff, driving along the street at night in a buggy with his wife, drove upon it, and the buggy was overturned, and plaintiff's wife was thrown out and injured. Wynburn and two others were made codefendants with Mrs. Shockley, but the action was dismissed or abated with reference to the two other defendants, and verdict and judgment for $4,700 were returned and entered against Mrs. Shockley and Wynburn. As Wynburn does not appeal, the case will be treated as one against Mrs. Shockley alone.

*1. NEGLIGENCE; liability of owner for acts of independent contractor.*

The sole question necessary to consider is whether, under the facts, as to which there is practically no dispute, defendant is liable for what may be conceded to have been the negligence of Wynburn in allowing the pile of sand to remain in the street unguarded, and in such condition that plaintiff, in the exercise of reasonable care, drove his buggy upon and over it, and the injury complained of resulted proximately therefrom. It is clearly established by the evidence that Wynburn was an independent contractor, and it is unnecessary to cite authorities to the general proposition that one

who employs another to do a piece of work according to the methods to be adopted by the latter, and without reservation of control on the part of the employer, except as to the result of the work done, is not liable for injuries suffered by a third person by reason of the negligence of the contractor in carrying on the work. There are qualifications of the rule thus broadly stated, which need not be here discussed. This case does not fall within any such qualifications or exceptions, unless it be some exception or qualification predicated upon the fact that defendant was the owner of the premises on which the improvement was being made, and allowed a dangerous obstruction, created through the contractor's negligence, to exist in the street in front of such premises.

Such a state of facts was held in *Bush v. Steinman,* 1 Bos. & P. 404, to render the owner of the premises liable, and if the doctrine there announced has been adhered to in subsequent decisions, and remains a correct exposition of the law, then the judgment against the defendant is well founded. As the case cited is typical, it will facilitate the discussion to quote the statement of facts from the report: "The defendant, having purchased a house by the roadside (but which he had never occupied), contracted with a surveyor to put it in repair for a stipulated sum; a carpenter, having the contract under the surveyor to do the whole business, employed a bricklayer under him; and he, again, contracted for a quantity of lime with a lime burner, by whose servant the lime in question was laid in the road." Under this state of facts, the Lord Chief Justice of the English Court of Common Pleas, before whom the case was tried, was of opinion that the defendant was not answerable for the injury sustained by the plaintiff by reason of the lime being piled in the highway. But to get the case before the full bench, a verdict was taken for the plaintiff, with leave to defendant to move for a nonsuit. After full consideration, the court agreed that the action could be maintained, although the chief justice still entertained doubts as to the precise principle on which the verdict should be sustained. The rule adopted by the court is

most clearly stated by Rooke, J., who says: "He who has work going on for his benefit and on his own premises must be civilly answerable for the acts of those whom he employs. According to the principle of the case in 2 Lev. (*Michal v. Alestree*), it shall be intended by the court that he has a control over all those persons who work on his premises, and he shall not be allowed to discharge himself from that intendment of law by any act or contract of his own. He ought to reserve such control, and, if he deprive himself of it, the law will not permit him to take advantage of that circumstance in order to screen himself from an action. * * * The person from whom the whole authority is originally derived is the person who ought to be answerable, and great inconvenience would follow if it were otherwise." It will be noticed that the learned judge rendering the opinion substantially ignores the distinction between the case of master and servant and one of independent contractor. But in view of the full recognition which the doctrine of independent contractor has received in the modern cases, the conclusion of the court in *Bush v. Steinman* is to be supported, if at all, as establishing an exception to the effect that the owner of fixed property owes a duty to make the premises safe, regardless of whether the unsafe condition complained of results from the negligence of himself or his servants, or from the negligence of an independent contractor and his servants. But, as applied to a case of a dangerous nuisance in the highway in front of the owner's premises, not caused by the act of the owner, nor of persons for whose acts he is responsible as master or employer, this doctrine has not been accepted by the authorities. The courts of England have expressly refused to follow the case of *Bush v. Steinman,* and it has been distinctly and unanimously disclaimed as authority in this country. *Hilliard v. Richardson,* 3 Gray, 349 (63 Am. Dec. 743); *Boswell v. Laird,* 8 Cal. 469, 494 (68 Am. Dec. 345); *King v. New York Cent. & H. R. Co.,* 66 N. Y. 181 (23 Am. Rep. 37). As is said in *Hilliard v. Richardson,* just cited: "*Bush v. Steinman* is no longer law in England. If ever a case can

be said to have been overruled, indirectly and directly, by reasoning and by authority, this has been. No one can have examined the case without feeling the difficulty of the clear-headed judge, Chief Justice Eyre, of knowing on what ground its decision was put. It could not stand on the re-lation of master and servant. That relation did not exist. It could not stand upon the ground of defendant having cre-ated or suffered a nuisance upon his own land, to the injury of his neighbor's property. The lime was on the highway. There is no rule to include it but the indefinitely broad and loose one that a person shall be answerable for any injury which arises in carrying into execution that which he has employed another to do—a rule which ought to have been, and was, expressly repudiated."

The contention of counsel for the appellee seems to be this: Defendant should have known that the carrying on of the work by the contractor would involve the deposit of sand in the street, and, while this would not necessarily and of itself constitute a nuisance, it might become a nuisance by reason of failure to properly guard it or warn against it, and the defendant should have taken pains to see that the contrac-tor took proper precautions. But such an argument, if ac-ceded to, would require conclusions which are wholly unten-able. The defendant must have known that it would be ne-cessary for the contractor to drive his wagons along the street in front of defendant's premises, and thereby, to some extent, obstruct the use of the street while they were being unloaded. And yet could it be claimed that the negligence of the con-tractor in so driving his wagons or managing them as to in-jure persons using the street would render the defendant li-able? The street was a public highway, and the contractor used the street in carrying out his contract subject to the same limitations as those imposed upon others in the use of a public highway. But it was not the concern of the defend-ant how the contractor used the street, nor did defendant have any control over the use which the contractor should make of the street. He might, perhaps, have gotten permission to

use the adjoining lot for the purpose of piling his material
thereon, or he might have mixed his sand and lime at another
place, and transported the mortar to defendant's premises as
it was needed, or he might have carried out his contract in
any other manner which seemed to him feasible and proper.
It was not incumbent on the defendant to stipulate how he
should do his work.   The real negligence complained of was
the failure to put out barriers or warning lights, and this was
not an act as to which the defendant had any responsibility,
or over which defendant had any control.   Even if defend-
ant's husband acted as her agent in approving the placing of
the sand in the street, his assent did not render her liable, for
the placing of the sand in the street was not a wrong in itself.
*Callanan v. Gilman,* 107 N. Y. 360 (14 N. E. Rep. 264, 1
Am. St. Rep. 831).   Such an act may be entirely proper, and
does not necessarily give rise to a nuisance.   The wrong was
in leaving the pile of sand in the street at night without bar-
ricade or danger signals, so as to imperil the safety of those
using the street in the usual way.   For this neither defend-
ant nor her husband was responsible.

The conclusion which we reach—that defendant was not
chargeable with the consequences of the contractor's negli-
gence—is supported by the great weight of authority.   For
instance, in *Wright v. Big Rapids Door & Blind Mfg. Co.,*
124 Mich. 91 (82 N. W. Rep. 829, 50 L. R. A. 495), it was
held that a property owner was not liable for the act of an
independent contractor in negligently piling lumber near the
owner's premises.   In *Sanford v. Pawtucket Street R. Co.,*
19 R. I. 537, (35 Atl. Rep. 67, 33 L. R. A. 564), it was
held that the defendant, a street car company, was not liable
for negligence of an independent contractor in stretching a
rope or wire across a public street in the construction of the
road.   In *Leavitt v. Bangor & A. R. Co.,* 89 Me. 509 (36
Atl. Rep. 998, 36 L. R. A. 382), it was held that the defend-
ant company was not liable for damages by fire communicated
from the cooking car used by an independent contractor en-
gaged in cutting wood for the company, although the car

stood on the company's track  In *Berg v. Parsons,* 156 N.
Y. 109 (50 N. E. Rep. 957, 41 L. R. A. 391, 66 Am. St. Rep.
542), it was held that the negligence of a contractor in blast-
ing rock on defendant's premises, causing damages to a build-
ing upon the adjoining lot, did not make the defendant re-
sponsible.  In *Smith v. Benick,* 81 Md. 610 (41 Atl. Rep.
56, 42 L. R. A. 277), it was held that the proprietor of a
public resort employing an independent contractor to make
a balloon ascension to attract visitors, was not liable for in-
jury to a visitor by a pole which fell because of the negligence
of the contractor in endeavoring to raise the pole for use in
inflating his balloon.  In *Louthan v. Hewes,* 138 Cal. 116
(70 Pac. Rep. 1065), it was held that the owner of a public
building was not liable for the negligence of a contractor in
putting a stairway into such temporary condition that it was
dangerous to persons using it.  In *City of Richmond v. Sit-
terding,* (Va.) 43 S. E. Rep. 562, it was held that the
owner of premises was not liable for injuries resulting from
the negligence of an independent contractor  in  placing  a
plank in the street in front of the premises so as to create an
unlawful obstruction.  In *Emmerson v. Fay,* 94 Va. 60 (26
S. E. Rep. 386), it was held that the owner of a building
was not liable for the negligence of the servant of an inde-
pendent contractor at work on the building in dropping an
iron ball from the roof to the street below.  Similarly, in
*Hexamer v. Webb,* 101 N. Y. 377 (4 N. E. Rep. 755, 54 Am.
Rep. 703), it was held that the owner of a building was not
liable for the negligence of a contractor in allowing a plank
to fall from the cornice of the building, which was in process
of erection, to the sidewalk below.  In *Frassi v. McDonald,*
122 Cal. 400 (55 Pac. Rep. 139, 772) it was held
that  the  owner  of a  building  in  process  of  erection,
intrusting to an independent contractor the work of laying
pipes in the street, connecting with the building, was not li-
able for the negligence of the contractor in tearing up the
sidewalk in the prosecution of his work, and leaving it in
such condition as to be dangerous to persons passing by.  In

*Harrison v. Collins,* 86 Pa. 153 (27 Am. Rep. 699), it was held that the owner of premises was not liable for an injury resulting from the negligence of an independent contractor in leaving open for a short time a coal hole in the sidewalk in front of the premises. And in *Hilliard v. Richardson,* 3 Gray, 349·(63 Am. Dec. 743), which has already been cited, it was held that the owner of land, employing a carpenter as an independent contractor to alter and repair a building and furnish the materials for the purpose, was not liable for damages resulting to a third person from boards deposited in the highway in front of the land by a teamster in the employ of the contractor. Other illustrations are furnished by cases which are cited 1 Thompson, Com. on the Law of Negligence, section 620 *et seq.* The conclusions which we reach are in harmony with the doctrine as announced by this author. This court has recognized the same principle in *Brown v. McLeish,* 71 Iowa, 381, in which the court reverses on account of an instruction extending the rule of *respondeat superior* to the act of a servant or employe when the master or employer, by the terms of the employment, has no authority to control and direct the manner of the execution of the work; and the court says that if the employer has no control over the workmen, or the manner of doing the work, he is not liable for their negligence—such as the throwing of earth from a ditch onto a public street, or the leaving of an unfinished ditch open during the night.

In the view which we take of the case before us, the authorities relied on by appellee are not in point. They are cases where a person is charged with maintaining premises in a safe condition for others—as, for instance, where the owner of a building is required to have his premises safe, or a city, having control of its streets, is required to maintain them in a safe condition for the use of the public. If the thing contracted to be done involves, as a direct consequence, a danger which the owner of the premises or the city is bound to avoid or to provide against, then the delegation of the work to an independent contractor will not relieve from liability

for consequences proximately resulting from negligence in doing the thing thus contracted to be done. As furnishing illustrations of this rule of liability, which is wholly distinct from the rule as to the negligence of an independent contractor in carrying on the work contracted for, see *Railroad Company v. Morey,* 47 Ohio St. 207 (24 N. E. Rep. 269, 7 L. R. A. 701); *Woodman v. Metropolitan R. Co.,* 149 Mass. 335 (21 N. E. Rep. 482, 4 L. R. A. 213, 14 Am. St. Rep. 427); *Colgrove v. Smith,* 102 Cal. 220 (36 Pac. Rep. 411, 27 L. R. A. 590); *Wiggin v. St. Louis,* 135 Mo. 558 (37 S. W. Rep. 528); *Chicago v. Robbins,* 2 Black (U. S.) 418 (17 L. Ed. 298); *Storrs v. Utica,* 17 N. Y. 104 (72 Am. Dec. 437). The cases of *Van Winter v. Henry Co.,* 61 Iowa, 685, and *Wood v. Independent District,* 44 Iowa, 27, illustrate this distinction and it is clearly pointed out in *Robbins v. Chicago,* 4 Wall. 657 (18 L. Ed. 427), in which this language is used: "Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of wrongful acts of the contractor or his workmen, the rule is that the employer is not liable. But where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do those acts, is equally liable to the injured party." And see *Palmer v. City of Lincoln,* 5 Neb. 136 (25 Am. Rep. 470), where the same distinction is made.

The trial court therefore erred in submitting the case to the jury on the theory that the defendant was liable for the negligence of Wynburn in not sufficiently protecting the public, including the plaintiff and his wife, from the danger incident to putting the pile of sand in the street in front of defendant's premises, and leaving it unguarded.

Counsel for appellee urge the insufficiency of the notice of appeal, on the ground that no appeal was perfected at the term of the Supreme Court to which, by the terms of the notice, the appeal was taken. But we have never held that failure to get the case into

2. APPEAL: notice.

the Supreme Court for the term specified in the notice was a ground for dismissal, or that the notice became inoperative to give this court jurisdiction on that account. Objection is also made to the form of the notice, but we find that, as set out in appellant's abstract, it is sufficient.—Reversed.

Bishop, J., takes no part.