[Civ. No. 377.   First Appellate District.—September 13, 1907.]

LEE A. JOHNSON, by LEO JOHNSON, His Guardian *ad Litem*, Respondent, v. WILLIAM HELBING, Appellant.

NEGLIGENCE OF SERVANTS OF INDEPENDENT CONTRACTOR—INJURY TO PLAINTIFF—OWNER OF BUILDING NOT LIABLE.—The owner of a building in process of erection is not liable for injury to plaintiff by the fall of a projecting stone negligently left by servants employed by an independent contractor for the stonework in an insecure position.

ID.—INDEPENDENCE OF CONTRACTOR FOR STONEWORK—EMPLOYMENT OF SERVANTS AND MEANS OF CONSTRUCTION—LIMITED SUPERVISION BY OWNER—WOODWORK BY OWNER.—The independence of a contractor for stonework, according to plans and specifications, who employs his own servants and means of construction for a fixed price, is not affected by the fact that the owner by himself or agent has reserved the right to supervise the work merely so far as to see that it is done according to the contract, nor by the fact that the owner is a builder, who is doing his own woodwork.

ID.—NONSUIT—INSUFFICIENCY OF EVIDENCE—VERDICT NOT SUPPORTED.— *Held*, that under the evidence a motion by the owner of the building for a nonsuit should have been granted, and that the evidence is insufficient to sustain a verdict against him.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a motion for a new trial. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

J. S. Reid, for Appellant.

The nonsuit was improperly denied and the verdict is not supported. The McPhee Stone Company was shown to be an independent contractor, for the negligence of whose servants the defendant owner of the building is not liable. (*Green* v. *Soule*, 145 Cal. 99, 100, 78 Pac. 337; *Central Coal Co.* v. *Grider*, 65 L. R. A. 461, note; *Richmond* v. *Sitterding*, 101 Va. 354, 99 Am. St. Rep. 879, 43 S. E. 562, 65 L. R. A. 445; *Bailey* v. *Troy & B. R. Co.*, 57 Vt. 252, 52 Am. Rep. 129; *Boswell* v. *Laird*, 8 Cal. 469, 68 Am. Dec. 345; *Fanjoy* v. *Seales*, 29 Cal. 249; *Aston* v. *Nolan*, 63 Cal. 269; *Gorham* v. *Gross*, 125 Mass. 240, 28 Am. Rep. 234; *Vogel* v. *Mayor etc. of New York*, 92 N. Y. 19, 44 Am. Rep. 349; *Stewart* v. *California Imp. Co.*, 131 Cal. 116, 63 Pac. 177; *Bennet* v. *Truebody*, 66 Cal. 509, 56 Am. Rep. 117, 6 Pac. 329; *Emmerson* v. *Fay*, 94 Va. 60, 26 S. E. 386; *Hexamer* v. *Webb*, 101 N. Y. 377, 54 Am. Rep. 703, 4 N. E. 755; *Boomer* v. *Wilbur*, 176 Miss. 482, 53 L. R. A. 172, 57 N. E. 1004.)

Thos. E. Curran, and Francis Dunn, for Respondent.

The circumstances of the accident raised a presumption of negligence. The contract being oral, and its terms uncertain,

it was for the jury to determine the real relation between the parties. (*Kimball* v. *Cushman,* 103 Mass. 194, 4 Am. Rep. 528; *Linnehan* v. *Rollins,* 137 Mass. 123, 50 Am. Rep. 287; *Mumby* v. *Bowden,* 25 Fla. 455, 6 South. 453; *Carlson* v. *Stocking,* 91 Wis. 432, 65 N. W. 58; *Rart* v. *New England etc. Carpet Co.,* 66 Minn. 76, 68 N. W. 729; *Klages* v. *Gillette etc. Mfg. Co.,* 86 Minn. 458, 90 N. W. 1116; *Miller* v. *Minnesota etc. Ry. Co.,* 76 Iowa, 655, 14 Am. St. Rep. 258, 39 N. W. 188.)

HALL, J.—Plaintiff recovered a judgment, for damages for personal injuries, against defendant, who in due time appealed from the judgment and the order of the court denying his motion for a new trial.

Appellant urges that the evidence did not show any negligence on the part of the defendant, but that on the contrary the evidence introduced proved that the work that the plaintiff claimed was responsible for his injuries was done by an independent contractor, to wit, by the McPhee Stone Company, and its servants, and not by the defendant or by any of his servants.

Plaintiff introduced evidence to the effect that while he was standing near the outer edge of the sidewalk on the south side of Bush street in front of a building then in process of erection a stone fell from the face of the wall, and striking him broke his leg. The accident occurred upon a Sunday succeeding a holiday, and upon neither day was any work done upon the building. The stone that fell was a building stone about twenty inches long, ten inches wide and six inches thick. The evidence showed that the front wall, from which the stone fell, was at the time of the accident about nine feet in height. One witness testified that on the day preceding the accident, while passing in front of the building in question, he noticed the edge of a stone sticking out.

Plaintiff then proved by defendant that he was the owner of the land upon which the building in question (which was called the "Edgemere") was being constructed at the time plaintiff was injured; "that he let out the work of excavating and grading the lot to another for a fixed sum of money; that he had also let a contract to one F. C. C. Anderson for the performance of all brickwork on the building for a fixed sum of money; that he had also entered into an oral agree-

ment with the McPhee Stone Co. whereby it agreed to furnish all the materials and labor necessary to do all the stonework in and about the building for $800; that all of said contracts required the parties who entered into them with the defendant to furnish all the materials necessary and to do all of the work in accordance with the plans and specifications which had been prepared for the erection of the building by the defendant; that all of the work required to be done by said contracts was done by said persons and only pursuant to and in accordance with such contracts; that he himself was a contractor and builder by occupation; that he employed men to do and they did the woodwork and interior finishing of the building; that at the time of the accident some of the woodwork had already been done, that is to say, the first floor joists had already been laid, but none of the defendant's workmen were then employed in or about the front of the building, and none of his materials or appliances were there located or in any wise connected. That the outer walls of the building were constructed of brick; that the front wall, to the height of one story, was to be faced with rough hewn stone; that the stones of the facing were anchored to the brick behind and, for this reason, the brick and stone portions were built simultaneously and carried up together. . . . That he was present at the building every day; that he watched the progress of all the work and saw that it was done according to his plans and specifications and contract; that he did not direct the McPhee Stone Co.'s workmen in their work, and did not interfere with them in any way, and there had been no occasion to interfere with them because all their work was done in a first-class workmanlike manner and according to contract.''

The only suggestion of negligence in the case upon the part of anyone connected with the building is that some one of the stonemasons left the stone that fell in an insecure position.

From the uncontradicted evidence above set forth introduced by plaintiff, we think that the McPhee Stone Company was an independent contractor, for whose negligence defendant, the owner of the building, was not responsible.

Under a very similar state of facts it was held in *Green* v. *Soule*, 145 Cal. 96, [78 Pac. 337], that as a matter of law a subcontractor, who had contracted to furnish the materials

and perform all the labor for plastering the building in accordance with the plans and specifications prepared therefor for a specified sum of money, was an independent contractor, for whose negligence the original contractor was not responsible. In *Green* v. *Soule,* the defendant Soule was the contractor with the owner for all the work save the plumbing, and sublet the plastering to a plasterer. In the case at bar defendant is the owner and was himself doing the woodwork, but let the stonework to a company engaged in that kind of work. In both cases the work was to be done for a fixed sum and according to plans and specifications that had been prepared and that were not introduced in evidence.

"An independent contractor is one who, in rendering services, exercises an independent employment or occupation, and represents his employer only as to the results of his work, and not as to the means whereby it is to be accomplished. The chief consideration which determines one to be an independent contractor is the fact that the employer has no right of control as to the mode of doing the work contracted for. The fact that the work is to be done under the supervision of an architect, or that the employer has the right to make alterations, deviations, additions and omissions from the contract does not change the relation from that of an independent contractor to that of a mere servant." (*Green* v. *Soule,* 145 Cal. 98, [78 Pac. 337].)

Under the evidence in this case defendant as owner had no control over the manner of doing the stonework, except, of course, to see that it complied with plans and specifications. "A reservation by the employer of the right, by himself or his agent, to supervise the work for the purpose merely of determining whether it is done in conformity to the contract, does not effect the independence of the relation." (16 Eng. & Am. Ency. of Law, 188; *Frassi* v. *McDonald,* 122 Cal. 402, [55 Pac. 188].) The fact that defendant was himself a builder and doing the woodwork on his building does not affect the independence of the contractor for the stonework.

In *Richmond* v. *Sitterding,* 101 Va. 354, [99 Am. St. Rep. 879, 65 L. R. A. 445, 43 S. E. 562], defendant, a contractor and builder, was erecting for himself four buildings on a lot owned by him, and let a contract to a firm of brickmasons for the brickwork. It was held that the brickmasons were

independent contractors, for whose negligence the owner was not liable.

If it be conceded that the evidence in the case shows negligence on the part of the stonemasons, which caused the injury to plaintiff, the evidence fails to show that such stonemasons were servants or employees of defendant, for the reason that the stonework had been let to the McPhee Stone Company as independent contractors. For their negligence defendant was not responsible. (*Louthan* v. *Hewes,* 138 Cal. 116, [70 Pac. 1065] ; *Bennett* v. *Truebody,* 66 Cal. 509, [56 Am. Rep. 117, 6 Pac. 329] ; *Stewart* v. *California Imp. Co.,* 131 Cal. 125, [63 Pac. 177] ; *Green* v. *Soule,* 145 Cal. 96, [78 Pac. 337].)

For the reasons above stated the motion for a nonsuit should have been granted, and the evidence is not sufficient to support the verdict.

The order and judgment are reversed.

Cooper, P. J., and Kerrigan, J., concurred.