[Civ. No. 8721. Second Appellate District, Division One.—February 4, 1935.]

MILTON BIDDLECOMB, a Minor, etc., Respondent, v. W. E. HAYDON, Appellant.

Mathes & Sheppard, Gene G. Curry and Robert A. Cushman for Appellant.

C. Ibeson Sweet for Respondent.

EDMONDS, J., *pro tem.* — Defendant appeals from a judgment in favor of plaintiff for personal injuries sustained as the result of an explosion occurring in the building occupied by the defendant. At the time of the injury

plaintiff, who was a minor, was standing outside the building. He testified that all he knew of the accident was that there was a great explosion.

The defendant operated an ice cream factory in the building where the explosion occurred. An ammonia refrigeration system was a part of the machinery used in the business. In connection with the compressor there was a valve for the purpose of shutting off the flow of ammonia when the temperature in the freezing box rose to a certain point. This valve was controlled by a thermostat in the freezing box and had given more or less trouble from time to time. On the day of the accident an employee of the defendant called the Pacific Scientific Company and asked them to send someone to make repairs. In response to the call a repairman by the name of Johnson appeared and went to work on the valve. After working for some two or three hours on the valve Johnson put it into the line for test in order to see if the connections were tight. While this test was going on a part of the valve broke allowing ammonia to escape into the room.

Three of the employees of the defendant, including one Larson, in charge of manufacturing operations for the defendant, were standing near Johnson watching him make the test. According to them a snap was heard and ammonia commenced coming out of the pipe into the room. They thereupon got out of the building. One of them put on an ammonia mask and attempted to go inside to shut off the receiving valve or king valve, but the ammonia was so strong it burned his body and he came out. The fire department was called and while waiting for the firemen Johnson, Larson and some others were standing in front of the door on Regent Street, which is referred to as the factory entrance. The explosion occurred after the arrival of the firemen and between five and ten minutes after Larson left the building on account of the escaping fumes.

The building in which defendant's business was carried on is on the southwest corner of Regent and Market Streets in Inglewood. The refrigeration machinery occupied the southwest corner of the building. On the north front of the building and about ten feet from its westerly wall there was a door leading to the portion in which the machinery was located. From this door known as the factory entrance

one entered the factory portion of the building. The valve which caused the difficulty was about thirty-five feet from this door.

Plaintiff at the time of the explosion was standing on the sidewalk on the north side of the building about twenty feet from the factory entrance. He testified that the explosion occurred about five minutes after he reached there, and that during that time he saw only one man other than a bus driver he was talking with, outside the building. This man whom plaintiff did not know was looking into the building near the factory entrance. Mr. Larson testified that he saw the bus driver near the building some time after the firemen arrived but did not recall seeing the plaintiff before the explosion.

Plaintiff charged negligence in general terms and at the trial relied entirely upon the doctrine of *res ipsa loquitur*. At the conclusion of plaintiff's case defendant Haydon moved for a judgment of nonsuit upon the grounds that the evidence showed no negligence upon his part. He asserts upon appeal that his motion should have been granted and that the evidence is insufficient to support the finding of the trial court that the explosion occurred as a result of defendant Haydon's negligence.

The nonsuit should have been granted. ■ The rule of *res ipsa loquitur* does not apply unless the instrumentality causing the injury is shown to have been under the exclusive control or management of the one sought to be charged with responsibility therefor. Neither does it apply where the cause of the accident is unexplained and might have been due to one of several causes for some of which the defendant is not responsible. (*Brown* v. *Board of Trustees*, 41 Cal. App. 100 [182 Pac. 316]; *Olson* v. *Whitthorne & Swan*, 203 Cal. 206 [263 Pac. 518, 58 A. L. R. 129].) In *Scellars* v. *Universal Service*, 68 Cal. App. 252 [228 Pac. 879], the court quotes with approval from the case of *Lucid* v. *E. I. DuPont etc. Powder Co.*, 199 Fed. 377 [L. R. A. 1917E, 182; 118 C. C. A. 16], where the court said: "The doctrine of *res ipsa loquitur* involves an exception to the general rule that negligence must be affirmatively shown, and is not to be inferred, and the doctrine is to be applied only when the nature of the accident itself, not only supports the inference of the defendant's negligence, but excludes all others."

(See, also, *Gritsch* v. *Pickwick Stages System,* 131 Cal. App. 774 [22 Pac. (2d) 554].)

■ Here plaintiff by the evidence he himself introduced showed that the machinery causing the injury was not in the exclusive control of the defendant at the time of the accident and the cause· of the accident was not fixed. True the flange broke and allowed ammonia to escape. But the record does not show how ammonia escaping from the system could cause an explosion. The cause of the explosion is a matter of conjecture from the evidence introduced by the plaintiff, but if explained at all, was brought about by the act of an independent contractor, for which defendant is not liable.

■ But aside from the application of the doctrine of *res ipsa loquitur,* there is no evidence in the entire record showing any negligence on the part of the defendant. The evidence which he introduced presented in more detail the same story of the accident as offered by plaintiff. It showed without contradiction that the Pacific Scientific Company, whose employee was repairing the valve, was an independent contractor. Defendant did not have anyone in his organization who repaired the valves used in his system. When the valves did not operate properly he secured the services of an organization specializing in that work. Neither the defendant nor his employees directed Johnson how to proceed nor what to do. Johnson was there because his firm represented that they could make the repairs which the defendant's employees did not know how to make. Under such circumstances the defendant was not liable for the negligence of Johnson, assuming that the accident was caused by such negligence. In the early case of *Bennett* v. *Truebody,* 66 Cal. 509 [6 Pac. 329, 56 Am. Rep. 117], it was said: ''The plumber was left to produce the desired result in his own way. If that did not constitute him an independent contractor, we do not know what would. There was no stipulation as to the amount to be paid for the work; but that is an immaterial circumstance in this case.'' This rule has been consistently followed since. ·(*Flickenger* v. *Industrial Acc. Com.,* 181 Cal. 425 [184 Pac. 851, 19 A. L. R. 1150] ; *Hedge* v. *Williams,* 131 Cal. 455 [63 Pac. 721, 64 Pac. 106, 82 Am. St. Rep. 366] ; *Brown* v. *Board of Trustees,* 41 Cal. App. 100 [182 Pac. 316].)

■ There is also no evidence whatever of any lack of proper care by the defendant. An expert on refrigeration machinery testified without contradiction that the system in use by the defendant at the time of the accident had all of the safety devices which were at the time commonly used. He also stated that no safety device would prevent a break such as the one which occurred. How the accident could have been prevented in the ordinary use of the machinery is not shown.

■ Defendant's plea of the contributory negligence of the plaintiff was not an admission that defendant was negligent. (*Hoffman* v. *Southern Pacific Co.*, 84 Cal. App. 337 [258 Pac. 397]; *Brooks* v. *City of Monterey*, 106 Cal. App. 649 [290 Pac. 540]; *Sheets* v. *Southern Pacific Co.*, 212 Cal. 509 [299 Pac. 71].)

The judgment is reversed.

Conrey, P. J., concurred.

Houser, J., dissented.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 23, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 4, 1935.