[No. 11545.   Department One. — August 12, 1886.]

NICHOLAS KEVERN, APPELLANT, v. PROVIDENCE
GOLD AND SILVER MINING COMPANY ET AL.,
RESPONDENTS.

NEGLIGENCE — EMPLOYER AND EMPLOYEE — FELLOW-SERVANT. — The action
was brought to recover damages for personal injuries.  The plaintiff was
an employee in a mine owned by the defendants.  The shaft of the mine
was divided by a frame-work of posts into two compartments, one of
which was provided with a ladder-way for the use of the employees.
The plaintiff, while ascending the ladder, was injured by a timber which
had been negligently thrown by a fellow-employee into the shaft.   *Held*,
that the defendants were not liable, although the partition between the
compartments may have been defectively constructed or insufficient in
other particulars.

APPEAL from a judgment of the Superior Court of
Nevada County, and from an order refusing a new trial.

The action was brought to recover damages for per-
sonal injuries.   The further facts are stated in the opin-
ion of the court.

*George D. Buckley*, and *John I. Caldwell*, for Appellant.

*Cross & Simonds*, and *J. K. Byrne*, for Respondents.

McKINSTRY, J. — The court below granted a nonsuit.
The evidence showed that the shaft in which the plain-
tiff was injured had been · divided by a row of posts
extending down the center at a distance of about
four feet from each other, firmly fixed in the roof and
base-pieces; that in the space to the right of the row
of posts, looking down, there was a ladder-way to be used
by the men working in the mine, consisting of a row of
steps about fourteen inches wide and close to the posts;
that in the other compartment of the shaft there was a
double-rail car-track.   The plaintiff when injured was
ascending the steps with a lighted candle.   When plain-
tiff was injured, three of the posts mentioned were want-
ing, or not in place, one of them absent near the top of

the shaft; thus leaving there a space of over eight feet between two of the posts.

Wilcox, the only witness whose testimony is set forth in the transcript, testified that, having been directed by Truan, shift boss, about two hours previously to go up and throw a timber down the shaft, he cast into the shaft a log twelve feet long and eight inches in diameter at the smaller end. The witness said: "He told me to throw it down,—that is all I know about it. . . . . The mouth of the shaft was under a building. I packed the timber to the mouth of the shaft on my back. I got it into the shaft by throwing it in. I threw it from my shoulder. I took no means to see if anybody was coming up the shaft before I threw it in. If I had looked in the shaft, and there was a man there, I should certainly have seen him. . . . . If I had known there was a man in the shaft, I would have waited until he came up." The witness added that he had no time to look into the shaft; he had as much as he could do to get rid of what he had on his back; that he could have laid the timber down and run it into the shaft; that there was no danger in getting timber down the shaft if the person sending it down looked to see if there was anybody in the shaft. And he said: "I threw it into the shaft; I intended for it to go down the track-way, but it went between the center posts into the other shaft. . . . . It started in the track-way. . . . . I think it struck, as near as I can tell, the end of the post; went right across and struck the end of the post, and that turned it right around down the shaft. . . . . I went in this way [showing]; I wasn't facing square, and I threw myself half around, and threw the timber in. . . . . The shaft was dipping east, my face was south." In answer to the question, "When you dumped it off, you dumped it in such a way that it struck the post?" the witness said: "Yes; went right between the center posts, and struck the end posts." Question: "Now, if you had

put the timber down into the shaft with care, don't you think it would have gone down the track?" Answer: "I don't know." Question: "You don't know anything about that?" Answer: "I threw it in; I did not know exactly where it was going."

. All the testimony showed that the immediate and proximate cause of the injury sustained by plaintiff was the negligence of his co-employee.

Section 1970 of the Civil Code reads: "An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business, unless he has neglected to use ordinary care in the selection of the culpable employee."

There was no evidence that if the log had been sent down with reasonable care the plaintiff would have been injured. "The proximate cause of the injury is the object of inquiry, and when discovered must be regarded and relied on." (*Hayes* v. *West. R.*, 3 Cush. 274.) Even where machinery is defective, so that otherwise a recovery might be had for an injury received, yet if the promoting cause of the injury is the negligence of a fellow-servant, no recovery can be had. (Wood on Master and Servant, p. 812.) The same rule must apply where the appliances for doing work are defective. Even if we could assume, therefore, that the partition between the two compartments of the shaft was not as complete as it should have been, or that the plaintiff would not have been injured if a continuous bulwark had been erected between the two compartments, or if the posts had been nearer together, still, as the case clearly shows that the plaintiff would not have been injured except for the gross negligence of the co-employee, and that such negligence was the immediate and proximate cause of the injury, and if the appliances furnished by the defendant had been used

with ordinary care the injury would not have occurred, the nonsuit was proper.

Judgment and order affirmed.

Ross, J., and Myrick, J., concurred.