### ABRAM BOLTON v. LAVINIA CALKINS.

*Negligence—Fires—Question for jury.*

102    69
145    368

On a calm morning in September, when there was a heavy dew on the ground, defendant's servant set fire to some grass, weeds, and brush, which he had cut the previous day, and piled in what is termed a "cathole" on defendant's land. There had been no rain for several weeks, and the surface of the cathole was dry, but it was very wet just beneath the surface. About three hours after the fire was set, and while defendant's servant was on the ground with a bucket of water to watch the fire, the wind began to blow violently, and what is termed a "whirlwind" took up some of the fire, and carried it over a furrow which defendant's servant had plowed around the cathole, and set the stubble on fire, and, despite his efforts and the efforts of others to whom he had given the alarm, the fire ran to plaintiff's land and damaged his timber. And it is held that the question of defendant's negligence in setting the fire was for the jury.[1]

---

[1] For cases involving the question of the negligent setting of fires, see *Richter v. Harper*, 95 Mich. 221, and note; *Needham v.*

Error to Lapeer. (Moore, J.) Submitted on briefs June 22, 1894. Decided September 25, 1894.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Geer & Williams,* for appellant.

*Stickney & Halpin,* for defendant.

McGRATH, C. J. This suit is brought to recover damages alleged to have been caused by negligence in setting a fire on defendant's premises, and in negligently allowing said fire to escape to the premises of plaintiff.'

The parties owned adjoining farms. There was what is termed a "cathole" upon defendant's land, the west side of which was some 23 rods east from plaintiff's line. There had been no rain for some weeks. The cathole was grown up with grass, weeds, and underbrush, and it contained a number of old logs. There was no water upon the surface, but it was very wet just beneath the surface; so much so that, when defendant's servant undertook to use a horse therein on the day previous to the fire, the horse got mired, and was extricated with difficulty. On the day before the fire was set,[1] one Seabury, defendant's servant, cut the grass, weeds, and brush, and placed the same in heaps, and plowed a furrow around the border of the cathole. At 8 o'clock on the following morning, during a calm, and while a heavy dew was on, the fire was ignited by Seabury, who had prepared himself with a bucket and water, and remained on the ground to watch it. At about 11 o'clock the wind began to blow violently, and what is termed a "whirl-

---

*King,* Id. 303; and for an exhaustive discussion of the question of liability for setting fires which spread to property of others, see note to *Brown v. Brooks,* 21 L. R. A. 255.

[1] The fire was set September 7, 1889.

wind" took up some of the fire, and carried it over the furrow some four rods beyond the edge of the cathole. Seabury attempted to fight it, and gave the alarm, but the fire ran through the stubble, and all efforts to arrest it proved futile. The jury found for defendant.

Plaintiff insists that the court should have instructed the jury that the setting of the fire, under the circumstances disclosed, was negligence; but we cannot concur in this view. In *Needham v. King*, 95 Mich. 303, 311, after a very full examination of the authorities, it is said that a party, having taken reasonable precaution to avoid the spread of fire, may, on a calm morning in a dry time, set fire to rubbish upon his premises; and if, during the necessary progress of the fire, a violent wind causes the fire to escape to his neighbor's premises, it cannot be said, as a matter of law, that he was negligent. As was further said in that case:

"The burning of a fallow and of brush, logs, and rubbish on the surface of one's own land is of frequent necessity in husbandry, and is a lawful act, unless the fire is set at an improper time, or is carelessly managed."

In determining whether or not the fire was set at an improper time regard must always be had to the character of the land, and the practical necessity for setting the fire at that particular time in order to accomplish the object in view. In the present case the land was swampy, and had evidently but recently reached a *status* when a fire could be made available. The case was, we think, one for the jury.

Error is assigned upon the admission of the answer to the following question put to defendant:

"At the time of the fire, did you have any intention of injuring Mr. Bolton by the fire?"

The declaration alleged that defendant had wrongfully, willfully, and negligently lighted the fire, and had wrong-

fully, willfully, and negligently allowed it to escape. The court, however, eliminated the question of intent from the case, by instructing the jury that the question of intent was not material, and, if the admission of the testimony was error, it was without prejudice.

The judgment is affirmed.

The other Justices concurred.