[Sac. No. 528.   Department Two.—November 8, 1899.]

HARRY G. VIZELICH, an Infant, by NICHOLAS VIZE-
LICH, His Guardian ad Litem, Respondent, v. SOUTH-
ERN PACIFIC COMPANY, Appellant.

NEGLIGENCE—MASTER AND SERVANT—DEFECTIVE APPLIANCE—PROXIMATE
CAUSE.—An employee can recover for personal injuries sustained by
·him by reason of the defective condition of the appliances fur-
nished to him by the employer only when the defective ma-
chinery or appliance was the proximate cause of the injury.
Ordinarily, this question is one of fact for the jury under proper
instructions, but where the facts are not in dispute it may be-
come a question of law for the court.

ID.—RAILROAD—NEGLIGENCE OF FELLOW-SERVANT—INSTRUCTION.—Where
a brakeman in a railroad yard, while riding on a switch engine,
is crushed by a water-tank of the engine, which became un-
fastened as the result of a collision which was caused by the
negligence of another brakeman in manipulating a switch, such
negligence is the proximate cause of the injury, and, being the
act of a fellow-servant, prevents any recovery therefor, not-
withstanding any defect that there might have been in the
fastening of the water-tank.   Where such facts appear from the
evidence without conflict, it is error to charge the jury, in effect,
that if the injury resulted by reason of the defective fastening
of the water-tank, the plaintiff was entitled to recover.

APPEAL from a judgment of the Superior Court of San
Joaquin County and from an order refusing a new trial.   Ed-
ward I. Jones, Judge.

The facts are stated in the opinion of the court.

Dudley & Buck, for Appellant.

Rodgers & Paterson, and R. B. Terry, for Respondent.

HENSHAW, J.—This action was to recover damages for per-
sonal injuries sustained by the plaintiff while in the employ of
the defendant.   The cause was tried before a jury, which ren-
dered a verdict for plaintiff.   From the judgment in his favor
which followed, and from the order denying defendant's mo-
tion for a new trial, these appeals are prosecuted.

Plaintiff averred that he was in the employ of the defendant
at the time of the accident.   He was employed as a brakeman

and an extra switchman in the railroad yards at Stockton. At the time of the accident he was riding in the cab of a switch engine. This engine collided with a train standing upon the sidetrack. The water-tank of the switch engine moved forward and crushed the leg of plaintiff, necessitating amputation. It is charged that the cause of the accident was the negligence of the defendant in improperly maintaining its track and switch at the place of the accident, and also, in a separate count, the imperfect and defective condition of the water-tank upon the switch engine, which was negligently and insecurely fastened.

Upon the trial it was made to appear without conflict in the evidence that the switch engine had been used in and about the yard for some time, and that in its ordinary use no injury had ever resulted from the alleged insecure fastenings of the water-tank. It was also made to appear without dispute that the collision was caused by the negligence of a brakeman in manipulating the switch.

Of the many propositions urged by appellant the following is the only one which need receive attention, for it is determinative of the controversy: In this discussion it will be assumed that the plaintiff satisfactorily established his relationship to the company as its employee, and it will further be assumed that the evidence was sufficient to show that the water-tank of the engine was insecurely fastened. As to the allegation of the negligent condition of the track and switch, we think it clear that the evidence would not support a finding in plaintiff's favor upon that ground. The trial judge was of the same opinion, and little point is made of this matter in the briefs.

The case, then, is one where an employee seeks to recover for personal injuries sustained by him by reason of the defective condition of the appliances furnished to him by the employer. In such cases he can recover only when the defective machinery or appliance was the proximate cause of the injury. Ordinarily, this question is one of fact for the jury under proper instructions, but where the facts are not in dispute it may become a question of law for the court. If the question is debatable, one upon which reasonable minds may take opposing views, it should, of course, be submitted to the jury, but where it is clear and unmistakable that the proximate cause is one other than

that upon which the right of action rests, it is for the court so to declare.

In this case it appears without conflict that the proximate cause of the injury was the negligence of the fellow-employee who misplaced the switch and caused the collision.  The case is paralleled by that of *Trewatha v. Buchanan etc. Co.*, 96 Cal. 494.  There an employee of a mining company, being hoisted from the mine in a bucket, was hurled against the sheave and injured.  He charged the company with negligence in failing to furnish necessary and proper hoisting appliances.  It was shown that the engineer hoisted the plaintiff from the mine with dangerous speed.  This court said: "We do not think the verdict and judgment can be sustained, even if it be admitted that the appliances complained of were as defective as it is claimed they were.  The immediate and proximate cause of the injury sustained by plaintiff was very clearly shown to have been the negligence of his coemployee. . . . . Nothing but carelessness can account for the fact that the engineer allowed the bucket to be hurled against the sheave, twenty-three feet above the upper platform, whether he supposed he was hoisting a man or something else.  But the rule is, that where the promoting cause of the injury is the negligence of a fellow-servant, no recovery can be had, even though the machinery or appliances be defective.  This was so declared in *Kevern v. Providence Gold etc. Min. Co.*, 70 Cal. 394, where the court said: 'The proximate cause of the injury is the object of inquiry, and, when discovered, must be regarded and relied on.'  (*Hayes v. Western R. R. Corp.*, 3 Cush. 274.)  Even where machinery is defective, so that otherwise a recovery might be had for an injury received, yet, if the promoting cause of the injury is the negligence of a fellow-servant, no recovery can be had.  (Wood on Master and Servant, 812.)  The same rule must apply where the appliances for doing work are defective."  It is well settled that if injury has resulted in consequence of a certain unlawful act or omission, but only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last or proximate cause, and refuse to trace it to that which was more remote.  (Cooley on Torts, 2d ed., p. 73.)  It

is here too plain to admit of discussion that the proximate cause was the negligence of the fellow-employee who caused the collision. We leave the realm of certainty and enter upon that of conjecture when we seek to go behind the proximate cause and to inquire, as would become necessary in this case, whether the company should have secured the water-tank so as to withstand a collision; whether, if fastened with ordinary security, it would have withstood the shock of this particular collision; and other questions of like uncertainty which readily present themselves. Yet, notwithstanding that it so convincingly appears that the proximate cause was the negligence of the switchman, and notwithstanding the further fact that the utmost to which plaintiff could contend that he was entitled by way of instruction to the jury upon this question would be a charge to the effect that as they determined the proximate cause of the injury to be the negligence of a fellow-employee, or the defective appliance, so should their verdict be either for defendant or plaintiff, the court, in fact, went much further than this, and positively instructed the jury that, if they found that the defendant failed to provide a suitable roadbed and an engine properly equipped with a tank securely fastened, and that if this failure was the cause of the injury to plaintiff, they must find in plaintiff's favor, "notwithstanding the fact that the brakeman, a fellow-servant, was guilty of negligence in leaving the switch described as switch B open." By this instruction the jury was, in effect, charged that, if injury resulted by reason of the defective appliance, the defective appliance itself, as matter of law, became the proximate cause. But, as has above been shown, it is clear under the evidence in this case that the proximate cause was the negligence of the fellow-employee.

For the foregoing reasons the judgment and order appealed from are reversed, and the cause remanded.

McFarland, J., and Temple, J., concurred.

Hearing in Bank denied.