## JACOB SMITH *vs.* THE NAUSHON COMPANY.

### PROVIDENCE—JANUARY 31, 1905.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1) *Master and Servant. Negligence. Independent Contractor. Obvious Risk.*

Declaration for negligence alleged that while plaintiff was engaged in adjusting yarn upon a loom, the servant of an independent contractor, who was installing a sprinkler system in the room, struck a ladder against the belt-shipper, starting the loom and injuring plaintiff. On demurrer:—

*Held*, that the sole proximate cause of the accident was the negligence of the agent of the contractor, which defendant had no reasonable ground to apprehend.

*Held*, further, that, while the court could not say as matter of law that it was negligence on the part of a master to procure work of a different nature to be performed in a room while looms were in operation, still, if there was undue danger of accident thereby, the risk was an obvious one which plaintiff assumed.

TRESPASS ON THE CASE for negligence. Heard on demurrer to declaration, and demurrer sustained.

DOUGLAS, J. The plaintiff alleges that he was an employee of the defendant, engaged in running a loom in defendant's mill; that while the loom was still and the plaintiff was engaged in adjusting the yarn upon it, the servant of an independent contractor, who was setting up water-pipes for a fire-extinguisher system in the same room, having occasion to use a step-ladder, negligently struck the ladder against the belt-shipper attached to the loom, in consequence of which it started and injured the plaintiff.

The declaration further sets forth several supposed duties incumbent on the defendant, upon the violation of which it

founds the claim that the defendant is liable for the accident and its consequences. These are: 1st. To provide a safe place for its workmen. 2nd. Not to allow the installation of a sprinkler system to be made while the looms are in operation. 3d. If it should permit such work to be done while the machinery of the mill is in operation, then to see that the servants of the contractor in moving about the room should not come in contact with the machinery so as to start it. 4th. To warn the employees of the contractor of the danger of starting the loom by striking the shipper.

The defendant demurs to this declaration for several substantial reasons which may be summed up in the propositions that the facts of the case as stated in the declaration involve no breach of duty on the part of the defendant towards the plaintiff; that the plaintiff assumed the risk, if any there was, of working in the same room with persons who were installing the sprinkler system; and that the proximate cause of the accident was the carelessness of the servant of the independent contractor, for which the defendant is not responsible.

These propositions seem to us so obviously true as hardly to require argument.

There is no breach alleged of the first duty. For all that appears the place assigned to the plaintiff to work in was reasonably safe. The accident did not occur from any danger inherent in the place.

(1)    We can not say as matter of law, and we do not think it would be competent for a jury to find, that it is negligence for a manufacturer to procure work to be done upon overhead piping while looms are operated in the same room. Certainly there are no circumstances set out in this declaration which would justify such a finding in the present case. As argued by defendant's counsel, the imposition of such a duty would forbid a mill owner to allow any person to pass through his mill lest he might carelessly run against the machinery and put it in motion.

The third and fourth allegations of duty are equally unreasonable. The defendant had no reason to apprehend that workmen qualified to perform the task in which these were

engaged would need control and guidance or notification that they must not touch the appliances for starting the machinery.

The defendant had a right to assume that any person possessed of common sense would know this without being specially told.

Again, if there was undue danger of accident in the prosecution of the two kinds of work at the same time, the risk was an obvious one which the plaintiff assumed when he continued his work after the contractor's men began theirs. As the careless workman approached with his ladder the plaintiff might well have warned him to keep away, or have ceased his own work till the workman had passed by. It may be doubted whether this neglect would not bar his recovery if he had a valid claim upon other grounds.

But the sole proximate cause of the accident was the carelessness or negligence of the agent of the contractor. It was an "independent act of a responsible person," and one which the defendant had no reasonable ground to apprehend would occur from permitting him to work there. Except that in this case there was no negligence on the part of the defendant, it comes within the principle of *Mahogany* v. *Ward*, 16 R. I. 479; *McGough* v. *Bates*, 21 R. I. 213; and *Afflick* v. *Bates*, *ib.* 281.

The demurrer is sustained, and the case is remitted to the Common Pleas Division for further proceedings.

*Hugh J. Carroll*, for plaintiff.

*Comstock & Gardner and William W. Moss*, for respondent.