[Civ. No. 349. Third Appellate District.—July 31, 1907.]

W. N. McVAY and ELLA McVAY, Respondents, v. CENTRAL CALIFORNIA INVESTMENT COMPANY, Appellant.

Negligence—Kindling of Fire on Defendant's Land—Spread to Plaintiffs' Land—Loss of Property—Sufficiency of Complaint. A complaint for alleged negligence of the defendant in kindling a fire on its own land, and negligently suffering it to extend to plaintiffs' adjoining land, to the destruction of all the property of plaintiffs, to their loss in a specified sum, which sufficiently describes the

property of plaintiffs for identification, and as adjoining the defendant's property, and alleges that plaintiffs were the owners thereof on the day of the alleged fire, and for a long time prior thereto, sufficiently states a cause of action.

ID.—Presumption as to Plaintiffs' Title—Tenants in Common.—The allegation that plaintiffs were the owners of the property injured raises the presumption that they were tenants in common.

ID.—Averment of Damage.—The averment "that the loss of plaintiffs by reason of the destruction of plaintiffs' property was the sum" specified, is a sufficient averment of damage in said sum.

ID.—Support of Verdict—Time of Blowing of Wind—Conflicting Evidence.—Where there was a conflict of evidence as to whether the wind was blowing toward plaintiffs' land or not when the fire was started, that fact made it a proper question for the determination of the jury, and it cannot be said, as matter of law, that the defendant was not negligent in starting the fire.

ID.—Wind Arising After Fire—Impossibility of Control—Improper Refusal of Instruction.—Where the evidence for defendant tended to show that the wind which extended the fire toward plaintiffs' land arose after the fire was started, and rendered it impossible for the employees of the defendant to have prevented the fire from getting beyond their control, it was prejudicially erroneous for the court to refuse a requested instruction, predicated upon such evidence, that the defendant company would not, in such case, be liable for the damages accruing to plaintiffs, providing due care was taken when the fire was set out.

ID.—Proximate Cause of Injury.—In order to a recovery, the negligence of the defendant must be the proximate cause of the injury to plaintiffs. If, by the exercise of due care in the management of the fire, defendant could not have prevented the damage, by reason of a sudden whirlwind arising after the fire was started that defendant could not anticipate or control, the defendant is not liable for the unavoidable casualty. The refusal to give the requested instruction ignored the doctrine of "proximate cause."

ID.—Instruction not Authenticated—Error not Cured.—The error was not cured by an instruction printed in the record as an instruction "requested by plaintiffs," which is not authenticated in any manner, and cannot be considered, and the contents of which do not cover the contingency suggested in the instruction erroneously refused at defendant's request.

ID.—Preponderance of Evidence—Proper Instruction—Presumption that Jurors are Unprejudiced.—An instruction that "by preponderance of the evidence is not necessarily meant a greater number of witnesses, but only such weight of evidence as satisfies the jury of the truth of the allegation established," is substantially correct, and is not objectionable because not providing that it must satisfy the "*unprejudiced* mind," in the language of section 1835 of the  ·

Code of Civil Procedure. Each juror must be necessarily guided by the evidence as it affects his own mind; and the presumption must be indulged that each juror is unprejudiced and of average intelligence.

APPEAL from a judgment of the Superior Court of Colusa County. H. M. Albery, Judge.

The facts are stated in the opinion of the court.

Morrison, Cope & Brobeck, Ernest Weyand, and James F. Peck, for Appellant.

Seth Millington, J. W. Goad, and Thomas Rutledge, for Respondents.

BURNETT, J.—The nature of the action is shown by the following allegation of the complaint: "The defendant, on the twenty-seventh day of August, 1904, intentionally and negligently kindled a fire on said defendant's land in Colusa County, California, and adjoining the said land of plaintiffs, and negligently suffered said fire to extend beyond its own land, and so negligently watched and tended said fire that it came into the plaintiffs' said land and destroyed all the property hereinbefore described without any fault or negligence on the part of plaintiffs or either of them, and the loss of plaintiffs by reason of the destruction thereof was the sum of one thousand and twenty-five dollars."

1. The court committed no error in overruling the demurrer. The property was sufficiently described for identification, and it was located "on lands owned by plaintiffs in township seventeen (17) North, Range One (1) West, in Colusa County," and adjoining the property of defendant. Defendant could hardly be mistaken as to what property was intended. As to the title it was sufficient to allege "that on the twenty-seventh day of August, 1904, and for a long time prior thereto plaintiffs were the owners of the following described property." When such an allegation is made the presumption follows that they are tenants in common. The suggestion that the averment "and the loss of plaintiffs by reason of the destruction thereof was the sum," etc., is not equivalent to an allegation that plaintiffs were damaged in said sum seems hypercritical and not entitled to serious attention.

2. It is claimed that no negligence was shown, and therefore the verdict of the jury is not supported by the evidence. In this connection the following cases are cited: *Garnier* **v.** *Porter,* 90 Cal. 105, [27 Pac. 55] ; *Galvin* v. *Gualala Mill Co.,* 98 Cal. 268, [33 Pac. 93] ; *Sweeney* v. *Merrill,* 38 Kan. 216, [15 Am. St. Rep. 734, 16 Pac. 454] ; *Needham* v. *King,* 95 Mich. 303, [54 N. W. 891] ; *Bolton* v. *Calkins,* 102 Mich. 69, [60 N. W. 297]. We deem it unnecessary to notice in detail these various decisions. They all substantially agree as to the law applicable to this class of cases. Indeed, there could be no dispute, and there is none here, that plaintiffs are not entitled to recover unless defendant was negligent in setting out the fire or in the management of it after it was started, and that this negligence was the proximate cause of the injury. No difficulty attends the determination of what is negligence in the abstract, but the attempt to apply the principle to concrete facts often gives rise to serious controversy. In the Needham case, *supra,* the whole question of negligence in allowing fire to spread to the property of one's neighbor is discussed elaborately, and a large number of cases is reviewed. It is therein stated by the supreme court of Michigan that: "Fire is a dangerous element, and in making use of it a degree of care is required corresponding to the danger," and the following is quoted with approval from Cooley on Torts: "Due care requires circumspection not only *as to time and place* of starting it, but in protecting against its spread afterward." The opinion proceeds: "There is no doubt that a party having taken reasonable precautions to avoid the spread of fire may, *on a calm morning in a dry time,* set fire to rubbish upon his premises, and if during the progress of the fire a violent wind causes the fire to escape to his neighbor's premises, he cannot be said to have been negligent. But the law does not justify the use of fire *at a time and place when the probable consequences are communication with the property of others.*"

In the case at bar there was some evidence that a brisk south or southeast wind was blowing at the time the fire was started. Some of the witnesses denied this, but there was such a conflict as to make it a proper question for determination by the jury. The thistles on defendant's premises to which the fire was set were high and close together. It was late in the summer season and everything was dry and inflammable. If the

wind was blowing, we can understand how a reasonable man might reach the conclusion that the probable consequences of starting the fire would be the destruction of the neighbor's property on the north, and therefore that the defendant had not exercised due care under the circumstances. Besides, the evidence left it a disputable proposition whether the preliminary preparations were adequate to prevent the fire from spreading. It cannot be said as a matter of law that the jury was not justified in finding that the defendant was negligent in starting the fire.

3. Complaint is made of certain rulings of the court in the admission of evidence to show the amount of damage done to plaintiffs by the fire. Granting that some of them are technically erroneous, yet no prejudice is shown, as testimony to the same effect was received without objection. And again, there is no issue raised by the pleadings as to the value of the property destroyed. The complaint was verified, and the value of each article destroyed specifically averred. The answer denied that plaintiffs were the owners of the property or that the fire destroyed it, or that defendant was guilty of any negligence, but the only denial as to the amount of damage is as follows: "Defendant denies that the loss of plaintiffs, by reason of the destruction of the property described in said complaint, as *therein* alleged, was the sum of one thousand and twenty-five dollars." There is no denial that it was of any sum less than that.

4. There seems no escape from the conclusion that the court erred in its refusal to give the following instruction requested by defendant: "I instruct you that if for any reason it was impossible for the employees of the defendant company to have prevented the fire from getting beyond their control, owing to any sudden rising of the wind after the fire was set out, the defendant company would not be liable for the damages accruing to plaintiffs, providing due care was taken before the fire was set out."

The instruction is based upon the proposition that if defendant exercised due care in setting the fire it would not be liable for any negligence in its subsequent care of said fire if that negligence was not the proximate cause of the injury to plaintiffs. If by the exercise of due care in the management of the fire defendant could not have prevented the damage, it is not liable for its failure to exercise such care. The

whole doctrine of responsibility for negligence is based upon the postulate that without such negligence the injury would not have occurred, or, in other words, that the negligence is the proximate cause of the injury. The following cases illustrate the point: *Kevern* v. *Providence M. Co.*, 70 Cal. 394, [11 Pac. 740] ; *Vizelich* v. *Southern Pacific R. R. Co.*, 126 Cal. 587, [59 Pac. 129] ; *Puckhaber* v. *Southern Pacific R. R. Co.*, 132 Cal. 363, [64 Pac. 480] ; *Luman* v. *Golden A. C. M. Co.*, 140 Cal. 706, [74 Pac. 307]. Defendant was entitled to the instruction, as there was evidence that the communication of the fire to the premises of plaintiffs was caused by a sudden whirlwind which defendant could neither anticipate nor control. The instruction was adapted to defendant's theory of unavoidable casualty, which theory finds support in the testimony of some of the witnesses. That the failure to give the instruction may. have resulted to the prejudice of defendant is apparent from the reflection that the jury under the evidence may have believed that defendant exercised due care in setting out the fire, but was negligent in caring for it, and also that the damage was caused by the whirlwind over which defendant could exercise no control. A verdict resting upon this state of facts would be unjustifiable as ignoring the doctrine of "proximate cause."

Respondents' answer to the contention is that the principle was covered by another instruction appearing at folio 51 of the transcript. But the latter is not authenticated in any manner. It is not incorporated in the bill of exceptions, and it is no part of the judgment-roll. In fact, it does not purport to have been given by the court, but it is printed as a part of "Instructions *requested* by plaintiffs." It is manifest that it cannot be considered. But if it could be regarded, it is clear that it does not cover the contingency suggested, but requires defendant in any event to exercise ordinary care in attending said fire, to escape responsibility.

Appellant criticises the action of the court in giving this instruction: "By preponderance of the evidence is not necessarily meant a greater number of witnesses, but only such weight of evidence as satisfies the jury of the truth of the allegation to be established." The contention is that section 1835, Code of Civil Procedure, provides that it must satisfy the *unprejudiced* mind, whereas the mind of the juror may be *prejudiced.* The argument is somewhat tenuous and meta-

physical. The distinction is of no practical importance, as each juror, whether prejudiced or not, must necessarily be guided by the evidence as it affects his own mind, and it is impossible for him to determine how the evidence would influence some other mind. Besides, of course, the presumption must be indulged that each juror is unprejudiced and of average intelligence.

It is due the learned trial judge to say that he had no opportunity to review the record, as no motion was made for a new trial, the appeal being from the judgment alone.

For the error pointed out the judgment is reversed.

Hart, J., and Chipman, P. J., concurred.