[S. F. No. 6191.   Department Two.—October 29, 1913.]

## FRANK J. COLEN, Appellant, v. GLADDING, McBEAN & CO. (a Corporation), Respondent.

NEGLIGENCE—BUILDING IN COURSE OF CONSTRUCTION—UNCOVERED TEM-PORARY FREIGHT ELEVATOR.—It is not actionable negligence to fail to sheath or cover a temporary elevator constructed and used, not for the transportation of passengers, but merely for the hauling of material for use in the construction of a building.

ID.—INJURY TO EMPLOYEE—TIMBER FALLING THROUGH UNCOVERED ELEVATOR SHAFT.—An employer, who erected and was engaged in the operation of such an uncovered temporary elevator, is not liable for personal injuries caused to his employee, while loading material therein, as the result of being struck by a piece of lumber carelessly thrown down the elevator shaft by some one over whom the employer had no control.

ID.—PLEADING—LEGAL CONCLUSION—DUTY TO CONSTRUCT ELEVATOR IN PARTICULAR MANNER.—In an action to recover for such injury, an allegation of the complaint that it was the duty of the employer to construct the elevator in a particular manner is but a conclusion of law.

ID.—PROXIMATE CAUSE OF INJURY.—The proximate cause of such injury was the careless dropping of the piece of wood from the upper part of the building upon the plaintiff.

ID.—ASSUMPTION OF RISK BY EMPLOYEE.—The employee, in working in such elevator, did so in view of the usual risks of his employment, and assumed such risks, including the risk of being struck by tools or materials carelessly dropped from above.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

G. B. Benham, and W. D. Cardwell, for Appellant.

Lilienthal, McKinstry & Raymond, for Respondent.

MELVIN, J.—This is an appeal by plaintiff from a judgment entered after the court had sustained a demurrer to the third amended complaint.

The complaint which was last filed recited that the defendant corporation was erecting and installing the terra cotta work on a building belonging to defendant Phebe A. Hearst and located at the corner of Third and Market streets in the city and county of San Francisco; that on January 5, 1911, Gladding, McBean & Co., the said corporation, was engaged in said work "with the knowledge and consent" of Mrs. Hearst and under her direction, and at the same time other contractors and workmen were, with the knowledge of the defendant corporation and the "knowledge and consent" of Mrs. Hearst engaged in other work on the building; that Gladding, McBean & Co. had caused a temporary elevator to be erected in a light well of the building; that this elevator was used for hoisting material; that there was no top provided for the elevator and no guards had been built around the light shaft in which it was operated; that on January 5, 1911, plaintiff, who was in the employ of Gladding, McBean & Co., was at work in the elevator, loading material therein, when he was struck by a piece of wood which from some cause unknown to him was precipitated into the shaft, and that "because of the uncovered condition of said elevator" the falling timber caused his serious injury for which he demanded damages.

There were three grounds of demurrer: 1. That the complaint did not state facts sufficient to constitute a cause of action; 2. That two causes of action had been improperly joined; and 3. That there was a misjoinder of parties defendant.

Upon the general demurrer the corporation respondent contended that failure to inclose the roof of the elevator was not negligence; that the proximate cause of the injury was not the condition of the elevator but the throwing down of the timber—an act not imputed to the corporation; and that from the pleading itself it appears that the plaintiff assumed the risk of working in an uncovered elevator. As we think that the general demurrer was properly sustained we need not discuss the other grounds of demurrer.

It is not actionable negligence to fail to sheath or cover a temporary elevator such as that described in the complaint before us. It was employed not for the transportation of passengers, but merely for the hauling of material for use

in the construction of the building.  Webb in his work on Elevators says (sec. 38) : "Proper care in the construction of freight elevators does not require that they be wholly inclosed or sheathed, and this may be considered a general rule, although there may be exceptions."   The text is supported by *McDonough* v. *Lanpher*, 55 Minn. 503, [43 Am. St. Rep. 541, 57 N. W. 152], and *Hoehmann* v. *Moss Engraving Co.*, 4 Misc. Rep. 160, [23 N. Y. Supp. 788], which were both cases in which employees had been injured while riding in freight elevators owned and operated by their employers.   If employers are not responsible for injuries occasioned because of the absence of such guards as are usually provided by those operating passenger elevators, surely the corporation respondent was not required to provide against accidents caused by the carelessness of some one over whom it had no control throwing a piece of lumber upon the plaintiff.   The corporation was not required to insure its servants against every possible accident.   Suppose that plaintiff, who is described in the complaint as a hod carrier, had been carrying material up a ladder and had been injured by a hammer dropped from above by the servant of some contractor not his employer, could he then demand damages because the ladder was not surmounted by a hammer-proof hood?  Assuredly not.  So here, his injury had nothing to do with the structure of the elevator as a means of carrying freight.  The duty of the employer to him was no greater than it would have been if the timber had fallen upon him before he stepped into the elevator and it would be absurd to say that a contractor engaged in a part of the work of erecting a building must provide missile-proof guards above the heads of all of its workmen.   The allegation in the complaint that it was the duty of plaintiff's employer to construct the elevator in a particular manner is but a conclusion of law and the court properly disregarded it, looking rather to the allegation of facts.

The proximate cause of the injury was unquestionably the careless dropping of the piece of wood from the upper part of the building upon plaintiff's arm.   This is a proposition so plain that it needs no authority for its support, yet direct authority is not wanting.  (*Kevern* v. *Providence Gold & Silver Mining Co.*, 70 Cal. 392, [11 Pac. 740] ; *Vizelich* v. *Southern Pacific Co.*, 126 Cal. 589, [59 Pac. 129] ; *Luman* v.

*Golden Ancient Channel Mining Co.,* 140 Cal. 706, [74 Pac. 307] ; *Trewatha* v. *Buchanan etc. Co.,* 96 Cal. 500, [28 Pac. 571, 31 Pac. 561].)

Respondent's argument that, from the facts pleaded, the plaintiff must have been working in view of the usual risks of his employment and accepting those risks, is perfectly sound and we find no sufficient answer to it. It is a matter of common knowledge that sometimes tools or materials are carelessly dropped from high parts of buildings in course of construction. While it is the duty of all employers to take reasonable precautions against such happenings, they are not insurers and those working in uncovered spaces about such a building assume the usual risk of their employment.

As the demurrer was properly sustained for want of facts we need not discuss the issues of misjoinder of parties and of causes of action.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.