[L. A. No. 3470.   Department Two.—July 20, 1915.]

## MATHIAS SCHMIDLIN, Appellant, v. ALTA PLANING MILL COMPANY (a Corporation), et al., Respondents.

NEGLIGENCE—ACTION FOR DAMAGES—PERSONAL INJURIES—INDEPENDENT CONTRACTOR.—The general rule is that one who contracts to perform certain work, lawful in itself and not inherently injurious to another, is not responsible for the negligence of a subcontractor engaged in executing the work under an independent contract.

ID.—HAULING UNFASTENED BUCKET OF PAINT TO TOP OF BUILDING—LACK OF INHERENT DANGER—NEGLIGENCE.—The hauling up by a subcontractor of a bucket of paint with tackle to the top of a building from the ground in a five-foot passageway between two buildings, the bucket itself not even being fastened, upon an empty scaffold carrying no person to direct and guide it, and no person to look out for the bucket, which bucket falls and injures a workman, constitutes negligence almost amounting to gross negligence; and the case cannot be held to be within the rule holding the employer of an independent contractor responsible for the negligence of the latter's employees under the doctrine of *respondeat superior*, where the performance of the contract in its general nature is necessarily injurious to a third person, or where under grant or permission to do a specific work in a careful manner, which otherwise one could not lawfully do at all, the employer is not permitted to avoid the consequences of a negligent performance by his contractor of the duty primarily imposed upon him.

ID.—BURDEN OF PROOF—NEGLIGENCE.—The burden is on the plaintiff in such a case to show affirmatively the negligence of his employer, and the mere fact of the accident or injury does not raise the presumption of such negligence; nor can negligence be predicated against the employer of the injured party upon the fact that other independent contractors were in and about the building doing their parts of the work, while the employer was carrying to completion its own contract, the work in this regard proceeding in the usual way buildings are built.

ID.—SAFE PLACE TO WORK—NEGLIGENCE OF EMPLOYEES OF OTHER CONTRACTORS—KNOWN LIABILITY.—In such a case the place where the injured party was working (at the bottom of the passageway between the two buildings) was not an unsafe place to work; nor was it rendered unsafe because the employees of the independent contractor were painting or were about to paint signs on the wall above him, but was rendered unsafe solely by the negligence of the painters in the performance of their task, for which negligence, they being employed by another contractor, the master of the injured man cannot be held responsible.

APPEAL from a judgment of the Superior Court of Los 'Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Paul M. Nash, and Waldo M. York, for Appellant.

Stephens & Stephens, Howard Robertson, E. R. Young, and I. R. Rubin, for Respondents.

HENSHAW, J.—William Garland, owner of the land, entered into a contract with A. Pantages, to erect thereon a building to be used as a theater, Pantages agreeing to lease this building from the owner. In pursuance of this agreement Garland entered into a contract with the Alta Planing Mill Company, a corporation, to construct the building. This contract called upon the Alta Planing Mill Company to do all of the work in the matter of the construction of the building "excepting the plumbing, heating, ventilation, electrical works, decoration and the fitting up of the stage and elevators, which will be let under separate contracts." The work of the Alta Planing Mill Company was substantially completed, and other independent contractors were in and about the building in the performance of their various contracts. Says the architect's superintendent: "Independent contractors were working there together in the way all buildings are built." Pantages secured permission from the owner to have certain signs painted on the building. He employed as an independent contractor George D. Erskine to do this work. Erskine sent two of his men to paint signs on a dead wall of the building. There was a five-foot passageway between the theater building and the building next adjoining. This adjoining building was about two stories high. The painters carried their apparatus to the top of this building and there rigged their scaffold. They placed the hooks supporting the tackle on top of the Pantages building and, standing on the roof of the adjoining building, proceeded to hoist their scaffold. On this scaffold and unsecured they placed a bucket of paint. While hauling up the scaffold into place the side of it caught against the wall, tilting it, and throwing off the bucket of paint, which struck and injured plaintiff in the passageway below, at work preparing that passageway for a cement floor. Plaintiff was an employee of the Alta Planing

Mill Company. He brought his action against the owner, Garland, as to whom it was dismissed, and no question is raised over the dismissal; against the Alta Planing Mill Company, in whose favor a nonsuit was granted; against A. Pantages, in whose favor a nonsuit was also granted; against George D. Erskine, against whom he recovered judgment. His appeal is directed to the errors of the court in granting the nonsuits.

As to the defendant A. Pantages, it is undisputed that he had employed Erskine as an independent contractor, and Erskine, as has been said, has suffered judgment in favor of plaintiff. Appellant recognizes the general rule that exonerates the employer of an independent contractor and fixes the responsibility upon the contractor himself, but insists that his case comes under the exception to the rule which exception sustains an action against the employer under the doctrine of *respondeat superior,* where the performance of the contract in its general nature is necessarily injurious to a third person, or where, under grant or permission to do a specific work in a careful manner, which otherwise one could not lawfully do at all, the employer is not permitted to avoid the consequences of the negligent performance by his contractor of the duty primarily imposed upon him—the employer. The second class of cases is illustrated by *Colgrove* v. *Smith,* 102 Cal. 220, [27 L. R. A. 590, 36 Pac. 411], and *Luce* v. *Hollaway,* 156 Cal. 162, [103 Pac. 886]. These are cases where the defendant had obtained permission to excavate in the streets. In each case the work was let to a contractor and in each case it was negligently performed, and in each case this negligent performance caused injury to the plaintiff. These cases and all of our cases recognize the general rule, and the latter of them states it in the following language: "Undoubtedly the general rule is that one who contracts to perform certain work, lawful in itself and not inherently injurious to another, is not responsible for the negligence of a subcontractor engaged in executing the work under an independent contract." But the principle upon which the liability of the defendants is placed is declared to be that their duty under their contracts with the municipality which permitted them to tear up the streets, placed upon them an obligation to do this work with due care, and was an obligation the consequences of which they could not shift by an attempted delegation of the duty. The case at bar, of course,

presents no such features and does not come within this category. The other class of cases is that where the work is either inherently dangerous or where the contract itself contemplates an invasion of and an injury to private property. *Williams* v. *Fresno C. & I. Co.*, 96 Cal. 14, [31 Am. St. Rep. 172, 30 Pac. 961], presents an illustration of the latter kind. Here the contractor committed a trespass upon the land of plaintiff by digging, plowing, and scraping away his soil. Plaintiff sued the Canal Company, the employer of the contractor. The Canal Company pleaded that the contractor was an independent contractor and alone responsible. But it was pointed out that in its very nature the contract called for this trespass upon plaintiff's property and the defendant company was therefore responsible. And the same is true of *Hedstrom* v. *Union Trust Co.*, 7 Cal. App. 285, [94 Pac. 386], and of *Kirk* v. *Santa Barbara etc. Co.*, 157 Cal. 591, [108 Pac. 509]. These are the cases which appellant cites in his effort to fix the responsibility upon the defendant Pantages as coming within the class forming the exception to the general rule that the doctrine of *respondeat superior* does not apply when the work is being done by an independent contractor.

The other class of cases is that where danger and peril inheres in the very nature of the work and where, therefore, it is not in consonance with justice that the responsibility for injury resulting from or occasioned by this peril should be passed on to the contractor. But appellant's effort to bring this case within that category is manifestly futile. There was nothing inherently dangerous in the character of the work here to be done, and if it should even be conceded that it were, it is plain that it was no hazard or peril inhering in the nature of the work that caused the accident. It was the merest negligence—negligence almost gross in character—the hauling up of a bucket of paint, the bucket itself not even being fastened, upon an empty scaffold carrying no person to direct and guide it, and no person to look out for the bucket of paint. Such conduct in its nature is too plain to call for further consideration, and may be dismissed with the single comment that manifestly this negligent act formed no attribute, part, or characteristic of the work itself. It is sufficient here to cite *Frassi* v. *McDonald*, 122 Cal. 400, [55 Pac. 139, 772]; *Hedge* v. *Williams*, 131 Cal. 455, [82 Am. St. Rep. 366, 63 Pac. 721, 64 Pac.

106] ; *Louthan* v. *Hewes,* 138 Cal. 116, [70 Pac. 1065], and *Green* v. *Soule,* 145 Cal. 96, [78 Pac. 337].

The nonsuit in favor of defendant Pantages was therefore properly granted.

The argument against the nonsuit in favor of the defendant Alta Planing Mill Company addresses itself to somewhat different considerations. It is said that the Alta Planing Mill Company, employer of this plaintiff, was guilty of negligence in allowing the sign painters to go upon the premises at all, and that it was also guilty of negligence in not providing a safe and secure place for plaintiff in which to do his work. Of course the burden is on the plaintiff in such a case as this to show affirmatively the negligence of the employer, and the mere fact of the accident or injury does not raise the presumption of such negligence. (*Sappenfield* v. *Main Street R. R. Co.,* 91 Cal. 48, [27 Pac. 590] ; *Thompson* v. *California Construction Co.,* 148 Cal. 35, [82 Pac. 367].) Certainly no negligence can be predicated upon the fact that other independent contractors were in and about the building doing their parts of the work while the Alta Planing Mill Company was carrying to completion its own contract, for, as testified to by the architect's superintendent, as above quoted, the work was proceeding "in the way all buildings are built." The place where plaintiff was at work when injured was not in and of itself unsafe; it was not unsafe even because the employees of an independent contractor were painting or were about to paint signs on the wall above him. It was rendered unsafe solely by the negligence of the painters in the performance of their task. But no master is obliged, nor indeed is able, to guard against such negligence, nor responsible when such negligence results in an injury to his own employees. Says the court in *Cole* v. *German Sav. and Loan Society,* 124 Fed. 113, [63 L. R. A. 416, 59 C. C. A. 593] : "It is alike impracticable and impossible to predicate and administer the rights and remedies of men upon the theory that their associates and fellows will either violate the laws or disregard their duties." So in *Smith* v. *Naushon Co.,* 26 R. I. 578, [60 Atl. 242], it was held that a master has no reason to apprehend that the servants of an independent contractor setting up a fire extinguishing system in his mill will be negligent and injure a mill operator. (See, also, 3 Labatt's Master &

Servant, 2d ed., p. 2497; *Colen* v. *Gladding etc. Co.,* 166 Cal. 354, [136 Pac. 289].)

The nonsuit as to the Alta Planing Mill Company was therefore properly granted, and the judgment appealed from is therefore affirmed.

*Melvin, J.,* and *Lorigan, J.,* concurred.