J. F. TRAINOR, Appellant, v. H. A. MAINE & COMPANY et al.,
Appellees.

NEGLIGENCE:   Unguarded Openings in Unfinished Building.   One
1   who has full knowledge of an unguarded opening in the floor of
    an unfinished building, and inadvertently steps therein, may
    not predicate negligence on the mere fact that the opening was
    unguarded, and that he had not been warned of the dangers
    attending said opening.

APPEAL AND ERROR:   Assignment of Error—Insufficiency.   As-
2   signments which require the court to search out the evidence
    and rulings bearing thereon are wholly insufficient.

*Appeal from Jasper District Court.*—HENRY SILWOLD,
Judge.

SEPTEMBER 30, 1918.

ACTION for personal injuries.   Three defendants are
charged with joint liability as for concurring negligence.
At the close of the evidence, each moved for a directed ver-
dict, and each motion was sustained.   Plaintiff appeals.—
*Affirmed.*

*Ross R. Mowry* and *W. G. Clements,* for appellant.

*Edwards, Longley, Ransier & Smith, Miller & Walling-
ford, Oliver H. Miller, E. J. Salmon,* and *C. O. McLain,* for
appellees.

PER CURIAM.—I.   The accident to the plaintiff occurred
in a building which was in course of construction.   While
on the second floor of the building, the plaintiff, by some
inadvertence, stepped "sideways and back-
wards" into an opening in the floor, whereby
he was severely injured.   This opening was
an elevator well, in which an elevator was
to be installed.   It was enclosed on three

1. NEGLIGENCE:
unguarded
openings in
unfinished
building.

sides. The plaintiff, at the time of his injury, was in charge of the execution of a contract by the General Fire Extinguisher Company, to install in said building, in the course of construction thereof, a fire extinguishing system. He, with certain helpers, had been engaged upon this work for several days prior to the accident, which occurred on the tenth day of his service. The three joint defendants are Maine & Company, Otis Elevator Company, and the Maytag Company. The Maytag Company was the owner of the property. Maine & Company was the building contractor which had entered into a contract with the owner for the construction of the building, and was engaged in such construction at the time of plaintiff's injury. The Otis Elevator Company had entered into a contract with the owner to install the elevators in such building. It also was engaged in the execution of such contract at the time of plaintiff's injury, and had been so engaged for four or five days. Maine & Company, Otis Elevator Company, and the Fire Extinguisher Company appear, therefore, to have been engaged, at the time of the accident, upon their respective contracts pertaining to said building. They also appear to have been working together harmoniously, each extending due consideration to the rights of the others. The building in course of construction was, in dimension, 200 feet by 80 feet, and four stories high. It was being constructed for manufacturing purposes. It had been fully enclosed, and covered with a roof. The building contractor had left three prominent openings in the floors. One was a large opening, near the center of the building, which was used for the operation of the hoisting machinery. This machinery was used for the lifting of material from the ground to the various floors. It belonged to the building contractor; but the right to use the same was extended to all the defendants and to the Fire Extinguisher Company, in the handling of their own material re-

spectively, and the same was so used by each one. At the
northwest corner of the building, a large elevator well was
open, and extended through every floor. Farther east, and
near the center of the north wall, a smaller elevator well
was left, and this is the one into which the plaintiff fell. Its
dimension was between 6 and 7 feet square. This well ex-
tended up to the third floor. The plaintiff was concededly
familiar with the two larger openings. He testified, how-
ever, that he did not know of the smaller elevator well. The
accident occurred in the daytime. The building was excep-
tionally well lighted. Windows upon this floor, 5 feet by
3 feet, 18 inches apart, were placed for the entire length
thereof on each side. The charge of negligence against the
defendants, as made in the petition, is very general. It is
that the opening was left unguarded. It is charged gener-
ally that it was the duty of every one of the defendants to
guard such opening, and that, therefore, each was negligent
in failure to do so. Apart from this general charge, there
does not appear, either in the petition or in the evidence,
any particular fact tending to show negligence on the part
of any defendant. The case is argued here by the appellant
largely upon its general merits. The argument is made to
rest upon the broad proposition that these defendants, be-
ing jointly in charge of this building, were bound to main-
tain the same in a reasonably safe condition for every other
person who might lawfully enter upon it. It is further
argued that such duty imposed upon them the requirement
to guard the opening and to warn the plaintiff. The argu-
ment fails to take into proper account the fact that the
building was in course of construction. The contract for
the installation of the fire extinguisher which the plaintiff
was executing contemplated that such installation should
be made while the building was in course of construction.
No building in course of construction is a safe place, in the
sense that the completed building is safe. On the other

hand, danger inheres in the building which is in the process of construction, in a sense in which it does not in the completed building.  Manifestly, it cannot be practicable to keep all openings covered or guarded against the dangers of inadvertence.  There was nothing concealed about the opening involved herein.  . There was no hidden defect. There was no defective workmanship nor defective plan. The well was enclosed on three sides, and open on the fourth. The elevator was about to be installed, although work on the installation had not begun.  The opening was 6 feet and 9 inches.  The plaintiff stood in plain view of it for an appreciable time, and inadvertently stepped "sideways and backwards" into it.  It cannot be said otherwise than that the plaintiff knew of the opening.  There was, therefore, no occasion of warning.  In so far as the plaintiff's inadvertence was the cause of the accident, it is not claimed that the defendants are responsible for it.  Nor does any other fact appear, except the existence of the opening, which tends to show a breach of duty on the part of any defendant.  Indeed, the prominent cause of the accident was the plaintiff's inadvertence.  It cannot be gainsaid that such an inadvertence might result in serious injury in scores of places upon any building in course of construction.  The plaintiff had not been invited into this building under the implied guaranty of safety of a completed building.  The relations between him and the defendants were predicated upon the dangers naturally incident to and inherent in the work of construction and installation upon which all of them were engaged.  We think it clear, therefore, that it was incumbent upon the plaintiff to show something more, as a basis of alleged negligence of the defendants, than the mere existence of this opening.  We do not think that he can predicate his charge of negligence upon this fact alone.  *Burner v. Higman & Skinner Co.*, 127 Iowa 580; *Beique v. Hosmer,* 169 Mass. 541 (48 N. E. 338) ; *Colen v. Gladding, McBean*

*& Co.,* 166 Cal. 354 (136 Pac. 289) ; *Wannamaker v. Burke,* 111 Pa. 423 (2 Atl. 500) ; *Johnson v. Klarquist,* 114 Minn. 165 (130 N. W. 943).

On the general merits of the case, therefore, the verdict appears to have been properly directed.

II.   Certain specified grounds of reversal have been set forth in appellant's argument, based upon alleged erroneous rulings in evidence.   Neither the specifications nor the argument bring before us the evidence involved

2. APPEAL AND ERROR: assignment of error: insufficiency.

nor the rulings thereon.   We are directed to look these matters up for ourselves as they are found in the abstract.   This is not in conformity with the rules.   We cannot, therefore, enter upon a discussion of these specifications.   We may say, however, that we find nothing in the abstract which would have justified a different disposition of the case.   The judgment below is, therefore,—*Affirmed.*

PRESTON, C. J., LADD, EVANS, and SALINGER, JJ., concur.